COURT OF APPEALS OF VIRGINIA


Present: Judges Baker, Annunziata and Senior Judge Hodges
Argued at Norfolk, Virginia


STEVEN L. ROMINE
                                        OPINION BY
v.          Record No. 1356-95-1    JUDGE ROSEMARIE ANNUNZIATA
                                        JULY 30, 1996
KAREN A. ROMINE

        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    A. Bonwill Shockley, Judge


            Morris H. Fine (Fine, Fine, Legum & Fine, on
            brief), for appellant.

            Debra C. Albiston (Cynthia E. Cordle; Kaufman &
            Canoles, on brief), for appellee.


    Appellant, Steven L. Romine ("husband"), appeals a decree of

the Circuit Court of the City of Virginia Beach ("circuit court")

affirming, inter alia, the jurisdiction of the Juvenile and

Domestic Relations District Court of the City of Virginia Beach

("J&DR court") to reinstate an order of spousal support in favor

of appellee, Karen A. Romine ("wife"), which the circuit court

initially entered and subsequently abated.  We find that the J&DR

court lacked jurisdiction to reinstate the support order and,

therefore, reverse.

                                I.

    Husband and wife were divorced by decree entered in the

circuit court on September 3, 1991.  The decree awarded spousal

support to wife in the amount of $900 per month.  The decree also

transferred to the J&DR court all matters pertaining to the

enforcement, modification, or revision of the support award.

On March 11, 1994, husband filed a petition in the circuit court to reduce the support award on the ground that he was then unemployed. On March 18, 1994, the parties agreed to abate support payments beginning in April 1994. The agreement was incorporated into a decree of the circuit court entered November 14, 1994. The November decree ordered husband to advise counsel of his return to employment and allowed wife to petition for reinstatement of support. The November decree did not again transfer the matter to the J&DR court.

On December 7, 1994, wife petitioned the J&DR court to reinstate spousal support on the ground that husband had gained employment in June 1994. On March 16, 1995, the J&DR court reinstated support in the amount of $900 per month effective June 1, 1994.

Husband noted his appeal, and the J&DR court set a $5,000 bond with surety, which husband failed to post. Husband petitioned the circuit court to permit his appeal without posting the bond. However, the circuit court entered a decree, denying husband's motion on the ground that it did not have jurisdiction and that the J&DR court had jurisdiction to require the bond. Implicit in the circuit court's ruling is a finding that the J&DR court had jurisdiction to reinstate the support order.

On appeal, husband contends, inter alia, that the circuit court's exercise of jurisdiction in entering the decree abating

the support order divested the J&DR court of jurisdiction to act further.  We agree.[1]

## II.

Code § 20-79(c) grants authority to a circuit court to transfer to a J&DR court "matters pertaining to support and maintenance for the spouse" after the entry of a decree of divorce.[2]  A circuit court's transfer of such matters to a J&DR

---

[1]Because we reverse on the jurisdictional issue, we decline to address appellant's additional assignments of error.

[2]Code § 20-79(c) provides, as follows:

> In any suit for divorce or suit for maintenance and support, the court may after a hearing, pendente lite, or in any decree of divorce a mensa et thoro, decree of divorce a vinculo matrimonii, final decree for maintenance and support, or subsequent decree in such suit, transfer to the juvenile and domestic relations district court the enforcement of its orders pertaining to support and maintenance for the spouse, maintenance, support, care and custody of the child or children.  After the entry of a decree of divorce a vinculo matrimonii the court may transfer to the juvenile and domestic relations district court any other matters pertaining to support and maintenance for the spouse, maintenance, support, care and custody of the child or children on motion by either party, and may so transfer such matters before the entry of such decree on motion joined in by both parties.  In the transfer of any matters referred to herein, the court may, upon the motion of any party, or on its own motion, and for good cause shown, transfer any matters covered by said decree or decrees to any juvenile and domestic relations district court within the Commonwealth that constitutes a more appropriate forum.  An appeal of an order by such juvenile and domestic relations district court which is to enforce or modify the

court creates concurrent jurisdiction in each court. <u>Crabtree v. Crabtree</u>, 17 Va. App. 81, 86, 435 S.E.2d 883, 887 (1993). The circuit court retains its continuing jurisdiction to modify custody and support matters pursuant to Code §§ 20-108, -109. <u>See</u> <u>id.</u>

However, although a circuit court retains continuing jurisdiction following a transfer pursuant to Code § 20-79(c), it does not follow that a J&DR court similarly retains jurisdiction pursuant to such a transfer once the circuit court again exercises its jurisdiction in the case. Indeed, for the following reasons, we hold that it does not.

First, the statute does not extend continuing jurisdiction over matters of custody and support to J&DR courts. <u>Cf.</u> Code §§ 20-108, -109; <u>Crabtree</u>, 17 Va. App. at 86, 435 S.E.2d 887 (discussing statutory authority providing for continuing jurisdiction in the circuit court). Rather, the statutory scheme provides the circuit courts such jurisdiction and the authority to transfer to the J&DR courts jurisdiction over limited matters. The J&DR court's jurisdiction exists only as a result of action taken by a circuit court.

Second, the cessation of a J&DR court's concurrent jurisdiction upon a circuit court's exercise of its continuing jurisdiction is consistent with the statutory scheme. <u>See</u> Code

(..continued)
　　　　decree in the divorce suit shall be as
　　　　provided in § 16.1-296.

§ 20-79(a);[3] Code §§ 16.1-241, -244;[4] <u>Rochelle v. Rochelle</u>, 225

[3]Code § 20-79(a) provides, as follows:

> In any case where an order has been entered under the provisions of this chapter, directing either party to pay any sum or sums of money for the support of his or her spouse, or concerning the care, custody or maintenance of any child, or children, the jurisdiction of the court which entered such order shall cease and its orders become inoperative upon the entry of a decree by the court or the judge thereof in vacation in a suit for divorce instituted in any circuit court in this Commonwealth having jurisdiction thereof, in which decree provision is made for support and maintenance for the spouse or concerning the care, custody or maintenance of a child or children, or concerning any matter provided in a decree in the divorce proceedings in accordance with the provisions of § 20-103.

[4]Code § 16.1-241 provides, in part, as follows:

> The judges of the juvenile and domestic relations district court elected or appointed under this law shall be conservators of the peace within the corporate limits of the cities and the boundaries of the counties for which they are respectively chosen and within one mile beyond the limits of such cities and counties. Except as hereinafter provided, each juvenile and domestic relations district court shall have, within the limits of the territory for which it is created, exclusive original jurisdiction, and within one mile beyond the limits of said city or county, concurrent jurisdiction with the juvenile court or courts of the adjoining city or county over all cases, matters and proceedings involving:

> \*   \*   \*   \*   \*   \*   \*

> L. Any person who seeks spousal support after having separated from his spouse. A decision under this subdivision shall not be res judicata in any subsequent action for

(..continued)
        spousal support in a circuit court.  A
        circuit court shall have concurrent original
        jurisdiction in all causes of action under
        this subdivision.

    Code § 16.1-244(A) provides, in part, as follows:

        Nothing contained in this law shall
        deprive any other court of the concurrent
        jurisdiction to determine the custody of
        children upon a writ of habeas corpus under
        the law, or to determine the custody,
        guardianship, visitation or support of
        children when such custody, guardianship,
        visitation or support is incidental to the
        determination of causes pending in such
        courts, nor deprive a circuit court of
        jurisdiction to determine spousal support in
        a suit for separate maintenance.  However,
        when a suit for divorce has been filed in a
        circuit court, in which the custody,
        guardianship, visitation or support of
        children of the parties or spousal support is
        raised by the pleadings and a hearing is set
        by the circuit court on any such issue for a
        date certain to be heard within twenty-one
        days of the filing, the juvenile and domestic
        relations district courts shall be divested
        of the right to enter any further decrees or
        orders; such matters shall be determined by
        the circuit court unless both parties agreed
        to a referral to the juvenile court.  Upon a
        showing of need to continue any preliminary
        protective order issued by the juvenile and
        domestic relations district court, the
        circuit court shall grant a hearing to the
        parties as a preferential matter on the court
        docket.  Nothing in this section shall
        deprive a circuit court of the authority to
        refer any such case to a commissioner for a
        hearing or shall deprive the juvenile and
        domestic relations district courts of the
        jurisdiction to enforce its valid orders
        prior to the entry of a conflicting order of
        any circuit court for any period during which
        the order was in effect or to temporarily
        place a child in the custody of any person
        when that child has been adjudicated abused,
        neglected, in need of services or delinquent
        subsequent to the order of any circuit court.

Va. 387, 391-92, 302 S.E.2d 59, 62 (1983); <u>Martin v. Bales</u>, 7 Va. App. 141, 145, 371 S.E.2d 823, 825-26 (1988). As these provisions demonstrate, the jurisdiction that a J&DR court shares concurrently with a circuit court terminates, as a matter of law, upon the circuit court's assumption of jurisdiction. There is no authority supporting the proposition that a J&DR court's jurisdiction does not similarly terminate when its jurisdiction is obtained pursuant to Code § 20-79(c).

Third, a circuit court's assumption of jurisdiction after transfer to a J&DR court conclusively determines that the matter will be litigated in a court of record. It follows that the circuit court intends to preclude the J&DR court from acting on that issue. <u>See</u> <u>Crabtree</u>, 17 Va. App. at 87, 435 S.E.2d at 887.

Finally, the cessation of a J&DR court's jurisdiction under such circumstances is consistent with the policy considerations underlying the relevant statutes. <u>See</u> <u>id.</u> at 86-87, 435 S.E.2d at 887. These considerations include the legislative intent that the circuit courts retain full jurisdictional power as provided by statute, notwithstanding the concurrent jurisdiction of the J&DR court. <u>See</u> <u>id.</u> at 86, 435 S.E.2d at 887. To effectively implement that legislative intent, the circuit court's jurisdiction must, of necessity, encompass the power not only to reinstate a case earlier transferred to a J&DR court and adjudicate all relevant issues, <u>see</u> <u>id.</u> at 87, 435 S.E.2d at 887, but also the power to decide which court is the more appropriate

- 7 -

forum for any necessary review, modification, and enforcement of its orders resolving the new issues.  Any divestment of a circuit court's jurisdictional power to address and decide matters properly before it must emanate not from the parties or the J&DR court, but by act of the circuit court pursuant to Code § 20-79(c), with specific reference to the matters to be transferred.  To invest in a J&DR court the power to review, modify, or enforce orders of a circuit court in the absence of such a mandate would undermine the structure and authority of judicial process.

Accordingly, we hold that a circuit court's assumption of jurisdiction over a support matter subsequent to its transfer pursuant to Code § 20-79(c) divests a J&DR court of jurisdiction.[5]  Thus, the J&DR court in this case had no jurisdiction to reinstate the support order which the circuit court had previously abated.

For the foregoing reasons, the decree of the circuit court is reversed and the order of the J&DR court vacated.

<u>Reversed and vacated.</u>

---

[5]A circuit court may, of course, retransfer the case pursuant to Code § 20-79(c).