COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Agee and Senior Judge Overton
Argued at Alexandria, Virginia


ROSEMARIE DORER

                                        MEMORANDUM OPINION* BY
v.    Record No. 0974-01-4         JUDGE JERE M. H. WILLIS, JR.
                                           MARCH 19, 2002
FEROZ R. SIDDIQUI, SR.


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      David T. Stitt, Judge

            Emilia Castillo (Law Office of Emilia
            Castillo, P.C., on brief), for appellant.

            Kyle Elizabeth Skopic for appellee.


     On appeal from the dismissal of a rule to show cause,

Rosemarie Dorer contends that the circuit court erred in holding

that it lacked subject matter jurisdiction.  We affirm the

judgment of the circuit court.

                        I.  BACKGROUND

     In 1987, Rosemarie Dorer and Feroz Siddiqui, Sr. were

divorced.  On February 17, 1989, the circuit court remanded

issues pertaining to child support to the Fairfax County

Juvenile and Domestic Relations District Court pursuant to Code

§ 20-79(c).  On November 3, 1998, the juvenile and domestic

relations district court entered a support order.  Siddiqui

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

appealed the decision to the circuit court. On October 6, 1999, the circuit court entered an order setting child support at $545 per month and remanding the matter back to the juvenile and domestic relations district court pursuant to Code § 20-79(c).

On June 20, 2000, on Dorer's motion, the circuit court issued a rule to show cause alleging that Siddiqui had failed to pay child support in accordance with the October 6, 1999 order. On June 30, 2000, it held him in contempt. On October 2, 2000, the circuit court issued a second rule to show cause, alleging that Siddiqui had once again failed to pay child support as required by the support orders of October 6, 1999 and June 30, 2000. On October 13, 2000, the circuit court entered an agreed order reciting that the parties had agreed that Siddiqui had failed to pay child support and that the parties had resolved the matter. The case was continued to January 22, 2001, for a hearing regarding child support and other issues.

Thereafter, Siddiqui filed two motions. The first sought modification or termination of child support. The second sought a rule against Dorer, alleging that she had failed to comply with the parties' property settlement agreement. Hearing on these matters was scheduled for January 22, 2001.

On January 10, 2001, the circuit court issued a third rule to show cause, alleging that Siddiqui had failed to comply with the support orders of October 6, 1999 and June 30, 2000. This matter was scheduled for hearing on January 22, 2001.

-

At the January 22, 2001 hearing the circuit court dismissed the rule against Dorer, holding that she had not violated the property settlement agreement.  That ruling is not appealed.

Dorer then asserted that the circuit court lacked subject matter jurisdiction to modify the support order of October 1999, which it had remanded to the juvenile and domestic relations district court pursuant to Code § 20-79(c).  Her argument was ambiguous and appeared to address her jurisdictional challenge to all issues then before the circuit court.  However, by a written motion filed March 6, 2001, and by oral argument before the circuit court March 16, 2001, she clarified her position, asserting that her jurisdictional argument addressed only Siddiqui's motion to modify child support.  On March 16, 2001, the circuit court entered an order holding that it lacked subject matter jurisdiction to rule on all the support issues, including the rules against Siddiqui, because the "matter of support and all rules thereof were remanded to Juvenile and Domestic Relations District Court and therefore this court lacks jurisdiction to hear a rule on this matter."  It dismissed Dorer's rules to show cause.  Dorer endorsed that order without noting exception, but appeals that ruling.  Although Dorer failed to note a proper exception on the order, we find that her argument presented her position sufficiently to the circuit court and adequately preserved the issue for appeal.

-

## II. ANALYSIS

Dorer argues that the court's concurrent jurisdiction did not cease when it transferred enforcement of its support order to the juvenile and domestic relations district court pursuant to Code § 20-79(c). We agree. The circuit court erred in holding that it lacked jurisdiction over the rules to show cause. However, we find no abuse of the circuit court's discretion in its decision to leave enforcement of support in the juvenile and domestic relations district court. Therefore, we affirm the judgment of the circuit court.

Code § 20-79(c) states in relevant part:

> In any suit for divorce or suit for maintenance and support, the <u>court may</u> after a hearing, . . . final decree for maintenance and support, or subsequent decree in such suit, <u>transfer</u> to the juvenile and domestic relations district court the enforcement of its orders pertaining to . . . maintenance, support, care and custody of the child or children.

Code § 20-79(c) (emphasis added).

A circuit court retains concurrent jurisdiction when it transfers matters involving child support, custody, and visitation to a juvenile and domestic relations district court pursuant to Code § 20-79(c).

> Code § 20-79(c) does not place a limitation on the circuit courts' concurrent and continuing jurisdiction to decide the recurring issues of child support, custody and visitation in domestic relations cases. To the contrary, Code § 20-79(c) was intended to expand the means available to

-

the circuit courts to enforce or modify support and custody matters, rather than limit such options. The purpose of Code § 20-79(c) was to provide another forum to expedite matters of enforcement and modification by referring those issues to juvenile and domestic relations courts, where the dockets and procedures usually enable the parties to obtain earlier hearings and decisions on issues that frequently demand expedited consideration. Code § 20-79(c) . . . does not transfer or divest jurisdiction nor does it provide that jurisdiction ceases.

Crabtree v. Crabtree, 17 Va. App. 81, 86, 435 S.E.2d 883, 887 (1993). See also Romine v. Romine, 22 Va. App. 760, 473 S.E.2d 99 (1996).

By transferring enforcement of support to the juvenile and domestic relations district court pursuant to Code § 20-79(c), the circuit court established concurrent jurisdiction in the juvenile and domestic relations district court. However, it did not thereby divest itself of jurisdiction. Therefore, the circuit court erred in holding that it lacked jurisdiction to hear the rules to show cause.

Although the circuit court erred in holding that it lacked subject matter jurisdiction, that error was not reversible. The circuit court's concurrent jurisdiction afforded it discretion to leave the matter to the juvenile and domestic relations district court. "A circuit court that transfers any matters, to the juvenile and domestic relations district court pursuant to Code § 20-79(c) retains the power, in its discretion, to

-

exercise its continuing jurisdiction over those matters."

Crabtree, 17 Va. App. at 87, 435 S.E.2d at 887 (emphasis added).

> [T]he circuit court's jurisdiction must, of
> necessity, encompass the power not only to
> reinstate a case earlier transferred to a
> J&DR court and adjudicate all relevant
> issues, but also the power to decide which
> court is the more appropriate forum for any
> necessary review, modification, and
> enforcement of its orders . . . .

Romine, 22 Va. App. at 766, 473 S.E.2d at 102 (citation omitted).  We perceive no abuse of discretion in the circuit court's decision to leave the matter in the juvenile and domestic relations district court.  Accordingly, the judgment of the circuit court is affirmed.

Affirmed.