## CIRCUIT COURT OF LOUDOUN COUNTY

Claudette M. Forand

    v.

Scott A. Mutchler

April 16, 2002

Case No. CJ00-60

BY JUDGE JAMES H. CHAMBLIN

This appeal from the Loudoun Juvenile and Domestic Relations District Court (JDR Court) was discussed at the pretrial conference in the divorce suit of *Scott A. Mutchler v. Claudette M. Forand*, Chancery No. 20231, on February 26, 2002. With the agreement of counsel, this appeal was placed on the docket for March 13 and 14, 2002, along with the divorce case to be heard if time permitted.

At the hearing in the divorce suit, no evidence was presented as to this appeal, but counsel for Ms. Forand did argue the issues raised in this appeal in her written final argument. Mr. Mutchler's counsel did not address the issues in his final argument. However, because this appeal involves strictly a legal question and because Mr. Mutchler and his counsel have made their position clear in prior proceedings, I feel I can decide the appeal without the need of further argument.

For the reasons hereinafter stated, the appeal is dismissed and Ms. Forand's petition for child support is dismissed.

The resolution of this matter is based on the procedural history of this appeal and a portion of the divorce case as set forth below.

On June 1, 2000, Ms. Forand filed a petition for child support against Mr. Mutchler in the Loudoun JDR Court. It was set for hearing on August 29, 2000. Mr. Mutchler was served with the petition on August 9, 2000.

On August 25, 2000, Mr. Mutchler filed a suit for divorce in this Court against Ms. Forand in which he made child support an issue.

On August 29, 2000, the parties and counsel appeared in the Loudoun JDR Court. The hearing on the petition was continued over the objection of Ms. Forand to November 7, 2000.

Ms. Forand filed a cross-bill in the divorce suit on September 11, 2000, together with a motion for pendente lite child support to be heard on October 4, 2000.

On October 4, 2000, a pendente lite hearing was held in the divorce suit. Ms. Forand was granted sole custody of the parties' son, and pursuant to her motion, pendente lite child support to be paid by Mr. Mutchler was set at $1,098.00 per month retroactive to August 25, 2000, the date on which Mr. Mutchler filed his bill of complaint. Ms. Forand objected to the retroactivity date because she felt it should be retroactive to the date she filed her petition for child support in the JDR Court. Because the child support award was being determined in the divorce suit, no award could be made retroactive to a date before the divorce suit was brought. See, Va. Code 20-108.1(B).

On November 7, 2000, the Loudoun JDR Court found that it did not have jurisdiction to hear Ms. Forand's request for child support because its jurisdiction had been displaced by this Court's exclusive jurisdiction over child support. Ms. Forand had requested the JDR Court to award her child support for June and July 2000 at the rate set in this Court. The JDR Court declined to do so. Ms. Forand noted her appeal to this Court.

The issues raised on this appeal were argued before another judge on January 5, 2001, who ultimately refused to rule saying that it would be better heard before me as I presided over the pendente lite hearing on October 4, 2000.

Neither party brought this appeal back on the docket until I mentioned it to counsel at the pretrial conference in the divorce case on February 26, 2002.

Ms. Forand asks that her appeal be consolidated with the divorce case and that she be awarded child support for the months of June and July 2000, i.e., retroactive to the date she filed her petition for child support in the JDR Court. She argues that the JDR Court never lost jurisdiction when the divorce case was filed in this Court because, under Va. Code § 16.1-244, no hearing on child support had been set in this Court within twenty-one days of the filings of the divorce case. The divorce case was filed August 25, 2000. The pendente lite support hearing was set for October 4, 2000, which is more than twenty-one days after August 25, 2000.

The twenty-one day rule of Va. Code §16.1-244 divests the JDR Court of jurisdiction even though the circuit court has entered no orders on the issue involved as long as a hearing is set within twenty-one days of the filing of the divorce case. Ms. Forand overlooks a very basic principle found in the statutes relating to concurrent jurisdiction over child support, if the circuit assumes jurisdiction and hears the issue of child support, then the JDR Court is divested of jurisdiction. See, Va. Code §16.1-244(A); *Romine v. Romine*, 22 Va. App. 760, 761, 473 S.E.2d 99 (1996); *Crabtree v. Crabtree*, 17 Va. App. 81, 435 S.E.2d 883 (1993).

Matters relating to child support for the parties' child were heard on October 4, 2000, in this Court in the divorce case. Thereafter, the JDR Court was divested of jurisdiction over child support. Accordingly, the appeal must be dismissed and Ms. Forand's petition for child support originally filed in the JDR Court is dismissed. On a de novo appeal to this Court, its jurisdiction is governed by the jurisdiction of the JDR Court.