COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Elder and Bray
Argued at Norfolk, Virginia


CHARLES DOUGLAS CALFEE
                                        OPINION BY
v.        Record No. 2622-97-2    JUDGE RICHARD S. BRAY
                                      JANUARY 26, 1999
LISA WHITE CALFEE

          FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                    Timothy J. Hauler, Judge

          Edwin F. Brooks (Jackson, Pickus &
          Associates, P.C., on brief), for appellant.

          Sharon B. Ten (Cawthorn, Picard & Rowe, P.C.,
          on brief), for appellee.


     Charles Douglas Calfee (husband) appeals an order of the

trial court (1) finding him in contempt for failure to comply

with the court's prior order of child support and establishing

related arrearages, (2) modifying the previous order, and (3)

awarding Lisa White Calfee (wife) attorney's fees.  Husband

challenges the jurisdiction of the court, arguing that the

matters in issue were within the exclusive province of the

Chesterfield Juvenile and Domestic Relations District Court (J&D

Court).[1]  We agree and reverse the decree.

                              I.

     The procedural history of this appeal is substantially

uncontroverted.  Wife petitioned the J&D Court for an award of

support from husband for the parties' two infant children.

---
     [1]Husband also complains that he was denied due process
during the proceedings, but our decision moots this issue.

Following a hearing, the J&D Court ordered husband to pay $109 per week support and a portion of the children's medical costs unpaid by insurance. The order, entered October 6, 1993, further provided that husband's obligations would escalate on November 1, 1993, to $128 per week support and forty percent of the specified medical expenses.

Husband appealed the J&D Court order to the trial court and a de novo hearing was conducted on February 17, 1994. Husband failed to appear but was represented by counsel. By order entered February 28, 1994, the court "denied" husband's appeal, ruled that he was "in arrears . . . a total . . . of $2,951.18" under the award of the J&D Court, and assessed additional attorney's fees.[2] The court further ordered "all sums due" payable ten days after service of the order upon husband or "a warrant for [husband's] arrest shall be issued." The trial court later revisited the proceeding, sua sponte, by order dated September 29, 1994, and "remanded" the cause to the J&D Court, after expressly finding "the purpose of this matter having been accomplished."

The record is thereafter silent until June 2, 1997, when wife filed motions with the trial court to "reinstate this matter on the docket" and to modify the earlier support order of the J&D Court. Wife also alleged husband's noncompliance with the trial

---

[2]The trial court did not explicitly redetermine a support award but simply acted on the order of the J&D Court on appeal.

court order of February, 1994, and petitioned, inter alia, that he be punished for contempt. In response, the court ordered "this matter . . . reinstated on the active docket" and that husband appear "on July 25, 1997, to show cause . . . why he should not be held in contempt for the alleged failure to comply with [the] . . . prior order." Husband was present, pro se, at the appointed date and hour, evidence was heard ore tenus, and, by order of August 1, 1997, the court adjudicated him in contempt of the February order, required that he pay wife arrearages of $9,306.64 "within 180 days," and sentenced him to twelve months in jail.[3] The court also increased husband's child support and health care obligations and awarded wife attorney's fees.

Thereafter, husband, by counsel, moved to vacate the order, arguing that the court had "terminated [its] . . . jurisdiction . . . over the . . . dispute" upon remand to the J&D Court by order entered September 29, 1994. In denying husband's motion, the court concluded that, "[a]fter remand[, it] had concurrent jurisdiction with the [J&D Court] to enforce [the] court's order of February 28, 1994," thereby providing wife with "the option to go to either court." Husband now appeals, pursuing the jurisdictional issue before this Court.

II.

Code § 16.1-241(A), unless otherwise "provided," vests

---

[3]The jail sentence was subject to suspension upon husband's "posting . . . a $10,000.00 bond."

"exclusive original jurisdiction" in the juvenile and domestic relations district courts (J&D courts) "over all cases, matters and proceedings involving: A. The . . . support . . . of a child: . . . 3. [w]hose . . . support is a subject of controversy or requires determination." Code § 16.1-241(A)(3). However, "[i]n such cases[,] jurisdiction shall be concurrent with and not exclusive of courts having equity jurisdiction, except as provided in [Code] § 16.1-244." Id. (emphasis added). Code § 16.1-244(A) empowers the circuit court, concurrently with the J&D courts, "to determine the . . . support of children when . . . incidental to the determination of causes pending in such [circuit] courts." Code § 16.1-244(A). An exception divests J&D courts of jurisdiction if "a suit for divorce has been filed in a circuit court, in which the . . . support of children of the parties . . . is raised by the pleadings and a hearing is set by the . . . court . . . on such issue for a date . . . within twenty-one days of the filing." Id.; see also Code § 20-79(a).

"[C]ircuit courts may assume jurisdiction [of child support issues] either by an appeal from the [J&D] courts or by the direct filing of an appropriate proceeding in the circuit courts." Peple v. Peple, 5 Va. App. 414, 418, 364 S.E.2d 232, 235 (1988); see Code § 16.1-296; Title 20. When, as here, jurisdiction is invoked by appeal from a child support order of the J&D court, the attendant "proceedings in the circuit court shall conform to the equity practice where evidence is heard ore

- 4 -

tenus," Code § 16.1-296(F), and "shall be heard <u>de</u> <u>novo</u>[,] . . . without formal pleadings in writing."  Code § 16.1-136; <u>see</u> <u>Peple</u>, 5 Va. App. at 419, 364 S.E.2d at 236 ("circuit court must conduct a <u>de</u> <u>novo</u> hearing . . . on appeal from the [J&D] courts").  Such appeal "'annuls the judgment of the inferior tribunal as completely as if there had been no previous trial.'" <u>Peple</u>, 5 Va. App. at 419, 364 S.E.2d at 236 (citation omitted).

"Upon the rendition of final judgment upon an appeal from the [J&D] court, the circuit court shall cause a copy of its judgment to be filed with the [J&D] court within twenty-one days of entry of its order, which shall thereupon become the judgment of the [J&D] court."  Code § 16.1-297.  Additionally,
> the circuit court may remand [the
> proceedings] to the jurisdiction of the [J&D]
> court . . ., under the terms of its order or
> judgment, and thereafter such . . . shall be
> and remain under the jurisdiction of the
> [J&D] court in the same manner as if such
> court had rendered the judgment in the first
> instances.

<u>Id.</u>  Thus, upon remand of a judgment rendered on appeal, the former jurisdiction of the J&D court over the proceedings is restored, once again subject to the potential exercise of jurisdiction by the circuit court in accordance with Code §§ 16.1-241, 16.1-244 and 16.1-296.

Similarly, jurisdiction lost by the J&D court to the circuit court "[i]n any suit for divorce" may be resumed by "transfer to the [J&D] court" by the circuit court for "enforcement of its

orders" or "[a]fter the entry of a decree of divorce" for "any other matters pertaining to support" pursuant to Code § 20-79(c). Thereafter, both courts enjoy concurrent jurisdiction to adjudicate such issues, with the circuit court exercising "its continuing jurisdiction" by simply "reinstat[ing] the case on its docket."  Crabtree v. Crabtree, 17 Va. App. 81, 84, 435 S.E.2d 883, 886 (1993); see Romine v. Romine, 22 Va. App. 760, 763-64, 473 S.E.2d 99, 101 (1996); see also Code § 20-121.1.[4]

Nevertheless, "the procedural distinction between an appeal under Code § 16.1-136 and a divestiture of further jurisdiction in the [J&D] court by operation of Code § 16.1-244(A) [(institution of divorce proceedings)] is significant."  Peple, 5 Va. App. at 419-20, 364 S.E.2d at 236.  A decree or order of the circuit court emanating from a "suit for divorce," after displacing the jurisdiction of the J&D court, may be transferred to such court for enforcement or related matters, thereby restoring concurrent jurisdiction in both courts, without impairing the properly invoked exercise of jurisdiction by the circuit court over the transferred issues.  In contrast, an order adjudicating an appeal from the J&D court to the circuit court is not entitled to the procedural convenience of transfer provided by Code § 20-79.  Such order, together with the related issues

---

[4]"In any suit which has been stricken from the docket, and in which complete relief has not been obtained, upon the motion or application of either party . . ., the same shall be reinstated upon the docket . . . to grant full relief to the parties."  Code § 20-121.1.

embraced by the appeal, rests within the exclusive jurisdiction of the circuit court pending disposition by that court.

### III.

Here, upon resolution of the appeal, the circuit court declared its "purpose . . . accomplished" and "remanded" the "matter" to the Chesterfield J&D Court, thereby expressly surrendering jurisdiction to the original statutory authority of the J&D Court pursuant to Code § 16.1-297. Unaided by Code § 20-79, such "remand" created no concurrent jurisdiction in the circuit court, save that provided by Code §§ 16.1-241, 16.1-244, and precluded reinstatement of the cause to the docket of the trial court as a decree or order related to divorce or maintenance in accordance with Code §§ 20-79(c), 20-121.1. Thus, the trial court's belated attempt to exercise concurrent jurisdiction through the disputed order was without statutory authority and jurisdictionally infirm. See Church v. Church, 24 Va. App. 502, 505, 483 S.E.2d 498, 500 (1997).

Accordingly, we reverse the decree.

Reversed and final judgment.

Benton, J., concurring.

I concur except as to the parts of the opinion that conflict with views I expressed in <u>Crabtree v. Crabtree</u>, 17 Va. App. 81, 89–92, 435 S.E.2d 883, 888–91 (1993) (Benton, J., dissenting), and I concur in the judgment reversing the decree.