COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Felton and Kelsey
Argued at Salem, Virginia


DIANA MARIE AUSTIN
                                                          OPINION BY
v.        Record No. 1311-02-3                    JUDGE WALTER S. FELTON, JR.
                                                          DECEMBER 23, 2003
COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
                        William N. Alexander, II, Judge

          John T. Boitnott for appellant.

          Michael T. Judge, Assistant Attorney General (Jerry W. Kilgore,
          Attorney General, on brief), for appellee.


     Diana Marie Austin, a juvenile, appeals an order entered by the Circuit Court of Franklin

County revoking her parole.  She asserts that the court lacked jurisdiction to enter the order,

arguing that Franklin County Juvenile and Domestic Relations District Court alone had

jurisdiction to adjudicate whether she violated her parole.  We disagree and affirm the judgment

of the circuit court.

                                    BACKGROUND

     On January 10, 2000, the Franklin County Juvenile and Domestic Relations District

Court found Austin guilty of three charges of violation of probation and two charges of auto

larceny.  It committed Austin to the Department of Juvenile Justice for an indeterminate period.

Following a hearing to review disposition held on March 9, 2000, the juvenile court determined

she should remain in the Department of Juvenile Justice for an indeterminate period.  Pursuant to

Code § 16.1-289, Austin timely appealed this juvenile court order to the Franklin County Circuit

Court.

The circuit court heard her appeal *de novo* and, on June 19, 2001, ordered Austin committed to the Department of Juvenile Justice for an indeterminate period. The circuit court failed to file a copy of its order with the Franklin County Juvenile and Domestic Relations District Court as required by Code § 16.1-297.

On September 24, 2001, Austin was released from the Department of Juvenile Justice on parole pursuant to Code § 16.1-285. On the following day, September 25, 2001, the Circuit Court of Franklin County entered an order pursuant to Code §§ 16.1-293 and 16.1-294 establishing the conditions and restrictions for Austin's parole, to be supervised by the local Juvenile Court Services Unit pursuant to Code § 16.1-285.

On February 20, 2002, Austin's parole officer filed a petition with the circuit court seeking to revoke her parole. Austin filed a motion to dismiss the petition, arguing that the Franklin County Circuit Court lacked subject matter jurisdiction over the parole revocation proceedings. Austin further asserted that only the Franklin County Juvenile and Domestic Relations District Court had jurisdiction over the matter. Following a revocation of parole hearing on February 22, 2002, the circuit court found that Austin had violated the terms and conditions of her parole and ordered her held in juvenile detention to be evaluated for the Boot Camp Incarceration Program. Austin was found to be unsuitable for the program.

On March 1, 2002, the circuit court heard Austin's motion to dismiss for lack of jurisdiction. After hearing evidence and argument, the court denied Austin's motion to dismiss, and ordered her committed to the Department of Juvenile Justice for an indeterminate period. It suspended her commitment on condition that she be held in juvenile detention for six months while additional programs were considered for her. On April 24, 2002, the circuit court heard additional evidence of Austin's progress, and her motion to remand the case to the Franklin County Juvenile and Domestic Relations District Court. By order entered April 25, 2002, the

court denied Austin's motion to remand, and ordered her committed to the Department of Juvenile Justice for another indeterminate period.

Austin appeals the judgment of the Circuit Court of Franklin County, asserting that the circuit court lacked subject matter jurisdiction over the parole revocation proceedings in her case once its order committing her to the Department of Juvenile Justice on June 19, 2000 became final.

ANALYSIS

The procedural history and pertinent facts surrounding Austin's convictions, commitment to the Department of Juvenile Justice, and the subsequent revocation of her parole are not disputed. In her appeal, Austin argues that only the juvenile court had jurisdiction over her once the circuit court order dated June 19, 2000 became final, and on her subsequent release on parole from the Department of Juvenile Justice. In support of her argument, she contends that (1) Code § 16.1-241 grants the juvenile and domestic relations district court exclusive original jurisdiction over delinquency matters; (2) that Code § 16.1-291 requires the petition to revoke parole under the supervision of the juvenile court services unit to be filed in juvenile court; and (3) that Code § 16.1-297 requires the circuit court to file a copy of its order disposing of an appeal from the juvenile and domestic relations district court with the juvenile court. Austin argues that the required filing pursuant to Code § 16.1-297 returns subject matter jurisdiction automatically to the juvenile court after the circuit court issues a final order upon appeal from the juvenile court. She further argues that, even if the statutory filing is not made, the jurisdiction automatically reverts to the juvenile court. We disagree.

The General Assembly, in enacting Code § 16.1-241, granted to the juvenile and domestic relations district courts exclusive original jurisdiction over delinquency proceedings. In such proceedings, the circuit court acquires jurisdiction when there is a transfer of the

proceedings to it by the juvenile court, or on appeal by the juvenile. Code § 16.1-241; see

Mahoney v. Mahoney, 34 Va. App. 63, 66, 537 S.E.2d 626, 628 (2000) (*en banc*) (An "appeal

transfers the entire record to the circuit court for retrial as though the case had been originally

brought there." (citing Addison v. Salyer, 185 Va. 644, 651, 40 S.E.2d 260, 264 (1946))).

Once the circuit court acquires jurisdiction, it retains jurisdiction over the juvenile

proceedings until it remands the matter to the juvenile court, dismisses the proceedings or

discharges the juvenile. See Code § 16.1-297.

Code § 16.1-297 provides:

> Upon the rendition of final judgment upon an appeal from the
> juvenile and domestic relations district court, the circuit court shall
> cause a copy of its judgment to be filed with the juvenile court
> within twenty-one days of entry of its order, which shall thereupon
> become the judgment of the juvenile court. In the event such
> circuit court does not dismiss the proceedings or discharge such
> child or adult, *the circuit court may remand* the child or adult to
> the jurisdiction of the juvenile court for its supervision and care,
> under the terms of its order or judgment, and thereafter such child
> or adult shall be and remain under the jurisdiction of the juvenile
> court in the same manner as if such court had rendered the
> judgment in the first instance.

(Emphasis added). See Chesapeake & O. Ry. Co. v. Pulliam, 185 Va. 908, 916, 41 S.E.2d 54, 58

(1947) (The word "may" is *prima facie* permissive, importing discretion, and is not to be

construed to be mandatory unless necessary to accomplish the manifest purpose of the

legislature.); Higginbotham v. Commonwealth, 206 Va. 291, 294, 142 S.E.2d 746, 749 (1965)

(contempt statute provides discretionary, not mandatory, authority because it provides that a

judge "may" punish summarily for contempt).

The circuit court did not dismiss the proceedings or discharge Austin on her appeal of the

judgment of the juvenile court. Because it did not remand jurisdiction to the juvenile court, we

conclude that the circuit court retained jurisdiction over the proceedings for which it acquired

jurisdiction on Austin's appeal.

- 4 -

In juvenile delinquency proceedings, the juvenile's appeal to the circuit court from the juvenile court "'annuls the judgment of the inferior tribunal as completely as if there had been no previous trial.'" Grogg v. Commonwealth, 6 Va. App. 598, 606, 371 S.E.2d 549, 553 (1998) (quoting Walker v. Dept. of Public Welfare of Page County, 223 Va. 557, 563, 290, S.E.2d 887, 890 (1982)); see Code § 16.1-136 (appeal from juvenile court shall be heard *de novo*).

Here, the circuit court properly acquired subject matter jurisdiction on Austin's appeal from the juvenile court. See Code § 16.1-296(A).[1] When the circuit court heard Austin's appeal *de novo*, it divested the lower court of its exclusive jurisdiction over those proceedings. See Grogg, 6 Va. App. at 606, 371 S.E.2d at 553. It possessed the same powers and authority granted to the juvenile court. Code § 16.1-296(I) ("In all cases on appeal, the circuit court in . . . such cases shall have all the powers and authority granted by the chapter to the juvenile and domestic relations district court."); see Commonwealth v. Chatman, 260 Va. 562, 573 n.11, 538 S.E.2d 304, 308 n.11 (2000); see also Peyton v. French, 207 Va. 73, 79, 147 S.E.2d 739, 743 (1966).

This acquired jurisdiction included the authority to supervise Austin's parole on release from the Department of Juvenile Justice, as well as authority to revoke her parole. Once the circuit court acquired jurisdiction over the proceedings, it retained that jurisdiction as long as it did not affirmatively remand the matter to juvenile court. As the circuit court chose not to remand jurisdiction of these proceedings in Austin's case to the juvenile court, it retained jurisdiction.

In Calfee v. Calfee, 29 Va. App. 88, 509 S.E.2d 552 (1999), discussing the remand authority in Code § 16.1-297, this Court said, "Thus, *upon remand* of a judgment rendered on

---

[1] "From any final order or judgment of the juvenile court affecting the rights or interests of any person coming within its jurisdiction, an appeal may be taken within ten days from the entry of a final judgment, order or conviction." Code § 16.1-296(A).

appeal, *the former jurisdiction of the J&D court over the proceedings is restored*, once again subject to the potential exercise of jurisdiction by the circuit court in accordance with Code §§ 16.1-241, 16.1-244 and 16.1-296." Calfee, 29 Va. App. at 94, 509 S.E.2d at 555 (emphasis added). In Calfee, the Court also noted that "upon resolution of the appeal, the circuit court declared its 'purpose . . . accomplished' and 'remanded' the 'matter' to the . . . J&D Court, thereby expressly surrendering jurisdiction to the original statutory authority of the J&D Court pursuant to Code § 16.1-297." Id. at 95, 509 S.E.2d at 555.

Austin argues that the language of Code § 16.1-291 can only be read to mean that the juvenile court alone can exercise jurisdiction to revoke a juvenile's parole once the juvenile is released from the Department of Juvenile Justice pursuant to Code § 16.1-285. She asserts the language of the statute requires the petition to revoke be filed in juvenile court. Code § 16.1-291(A), in pertinent part, provides:

> A juvenile or person who violates an order of the juvenile court entered into pursuant to §§ 16.1-278.2 through 16.1-278.10, who violates the conditions of his probation granted pursuant to § 16.1-278.5 or § 16.1-278.8, or who violates the conditions of his parole granted pursuant to §§ 16.1-285, 16.1-285.1 or § 16.1-293, may be proceeded against for a revocation or modification of such order or parole status. A proceeding to revoke or modify probation, protective supervision or parole shall be commenced by the filing of a petition.

This statute simply describes the process necessary to initiate a revocation proceeding. It does not require the petition to be filed only in the juvenile court.

Code § 16.1-291 grants authority to the court having jurisdiction over the juvenile's parole to revoke that status. Code § 16.1-297 grants authority to the circuit court either to retain jurisdiction or affirmatively to remand subject matter jurisdiction to the juvenile court. In construing Code § 16.1-291 and Code § 16.1-297 together, we are guided by a basic tenet of statutory construction that closely related statutes must be read as being consistent with one

another. See Zamani v. Commonwealth, 26 Va. App. 59, 63, 492 S.E.2d 854, 856 (1997) ("two statutes which are closely interrelated must be read and construed together and effect given to all of their provisions" (citations omitted)), aff'd, 256 Va. 391, 507 S.E.2d 608 (1998). Here, the court in which a petition to revoke parole under Code § 16.1-291 is to be filed simply refers to the court having jurisdiction over the juvenile's parole. By not remanding its acquired jurisdiction under the authority of Code § 16.1-297, the circuit court retained jurisdiction over Austin's parole on her release from the Department of Juvenile Justice to which it had earlier committed her.

Finally, Austin asserts that Code § 16.1-297 provides that the juvenile court reacquires jurisdiction over the proceedings in her case once her appeal is disposed of in the circuit court. She relies on the language of Code § 16.1-297 which provides that "[u]pon the rendition of final judgment upon an appeal from the juvenile and domestic relations district court, the circuit court shall cause a copy of its judgment to be filed with the juvenile court . . . which shall thereupon become the judgment of the juvenile court." Code § 16.1-297 clearly directs the circuit court to file a copy of its final judgment with the juvenile court in a delinquency appeal case. However, the language of the remainder of the statute, providing the circuit court with discretion to remand, demonstrates that the failure to do so does not result in the loss of jurisdiction by the circuit court. The statutory filing requirement permits the juvenile court to have information not only as to the disposition of the appeal, but also to have important information necessary to guide its actions should the juvenile be the subject of other proceedings within the jurisdiction of the juvenile court.

Here, Austin remained under the jurisdiction of the circuit court while she was on parole. We affirm its judgment denying Austin's motion to dismiss the parole revocation proceedings for lack of subject matter jurisdiction.

Affirmed.