COURT OF APPEALS OF VIRGINIA


Present: Judges Clements, Felton and McClanahan
Argued at Alexandria, Virginia


PETER J. TEDFORD

MEMORANDUM OPINION[*] BY

v.      Record No. 1340-03-4      JUDGE ELIZABETH A. McCLANAHAN
                                   SEPTEMBER 28, 2004

LEANNE DEAN-BRYANT


FROM THE CIRCUIT COURT OF WARREN COUNTY
John E. Wetsel, Jr., Judge

J. Michael Sharman (Commonwealth Law Offices, P.C.,
on brief), for appellant.

Leanne Dean-Bryant, *pro se*.[1]


Peter J. Tedford (father) appeals several rulings entered in a custody proceeding between

him and Leanne Dean-Bryant (mother). The father contends that the trial court erred: 1) by

increasing *sua sponte* the amount he pays in child support; 2) by failing to hold the mother in

contempt for violating a custody order; 3) in awarding attorney's fees to the mother; and 4) by

awarding the guardian *ad litem* fees in excess of $55 per hour for out-of-court time and $75 per

hour for in-court time. For the reasons that follow, we reverse the modification of child support,

and otherwise affirm.

I. Background

The parties were married in 1985, and had two children together. In January 1998, the

parties obtained a decree of divorce in the Circuit Court for the City of Alexandria. The January

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The Court grants appellant's motion to strike appellee's brief for failing to comply with Rule 5A:21.

decree granted the divorce only, as the issues of custody, child support and visitation were then being litigated in the Alexandria Juvenile and Domestic Relations District Court (JDR court). Later that year, in June 1998, the Alexandria JDR court awarded the mother sole custody of the children, granting the father visitation.

In January 2002, on the father's motion, the Alexandria JDR court transferred venue in the custody case to the Warren County JDR court. The father then moved in the Warren County JDR court to amend the custody and visitation orders, and moved for a rule to show cause why the mother should not be held in contempt for failing to comply with the existing orders. The JDR court modified visitation in a September 2002 *pendente lite* order, the terms of which it repeated in a permanent order entered in December 2002. The terms of the 1998 custody order remained unchanged. The JDR court declined to hold the mother in contempt, denied both parties' requests for attorney fees, and ordered the father to reimburse the Commonwealth for the fees paid to the guardian *ad litem* appointed to represent the two children.

The father appealed the issues of custody, visitation, contempt, attorney's fees, and costs of the guardian *ad litem* to the Warren County Circuit Court. Following a circuit court hearing, the guardian *ad litem* submitted an affidavit supporting a new fee request, which stated that he had worked 22.9 hours on in- and out-of-court matters relating to the case. The guardian *ad litem* ultimately requested $3,135 in fees for that time. The mother's attorney also submitted an affidavit in support of over $5,000 in requested attorney's fees.

On April 23, 2003, the trial court entered a final order further modifying visitation, but again denying the father's petition for a change in custody. On its own motion, the trial court modified the child support order to increase the amount the father was required to pay, to which the father objected in writing. The trial court also entered a provision that relieves the father of his obligation to pay child support in the week following any weekend where his daughters are

unable or unwilling to visit with him as provided and do not have a medical excuse from a doctor. The trial court also declined to hold the mother in contempt, although it expressed grave concern over the mother's failure to fully comply with the terms of the 1998 order, and over her parenting in general.

Finally, the court granted the mother reduced attorney's fees for the cost of the circuit court litigation, and granted the guardian *ad litem* fees in the amount requested. The father subsequently moved the court to reconsider that award of guardian *ad litem* fees, as it represented an amount that was twice the amount recommended in a guidelines memorandum generated by the Virginia Supreme Court. In response, the court reduced the guardian *ad litem* fee award to $2,290, and apportioned responsibility for reimbursement of that fee between the father and mother according to their actual or imputed incomes.

## II. Analysis

### 1. Child Support

The father argues that the trial court erred by increasing child support where neither party sought modification of the 1998 child support order, either orally or in writing, in the Warren County JDR court. The JDR court entered no order concerning child support, and, therefore, neither party appealed its decision on child support to the circuit court. The father states that because no one had requested it, the circuit court "had no jurisdiction to enter an order modifying the [f]ather's support obligation." We agree.

Because there was no appeal on the issue of child support, the circuit court erred in addressing the matter and entering an order modifying child support. Circuit courts derive their jurisdiction over child support, visitation and custody matters solely from the JDR courts, which have "exclusive original jurisdiction" over "[t]he custody, visitation, support, control or disposition of a child . . . [w]hose custody, visitation or support is a subject of controversy or

requires determination." Code § 16.1-241.  Here, the circuit court raised the child support matter *sua sponte*, and directed the parties to submit financial statements and proposed calculations pursuant to the child support guidelines set out in Code § 20-108.2.  Under Code § 20-108, the circuit court may:

> after decreeing [a divorce] as provided in § 20-107.2, on petition of either of the parents, or on its own motion or upon petition of any probation officer or the Department of Social Services . . . revise and alter such decree concerning the care, custody, and maintenance of the children . . . as the circumstances of the parents and the benefit of the children may require.

Importantly, a circuit court may only use this statute to modify child support and visitation when the circuit court is entering the divorce decree.  When a circuit court is entering a divorce decree at the same time as an order regarding custody, visitation, or child support, its jurisdiction over the child support matter is concurrent with that of the JDR court.  Code § 16.1-244; Code § 20-107.2; see Calfee v. Calfee, 29 Va. App. 88, 92-93, 509 S.E.2d 552, 554 (1999).

In this case, the Warren County Circuit Court never had jurisdiction over the divorce matter and, thus, had no jurisdiction over child support as part of any divorce proceeding.  In 1998, the Alexandria Circuit Court disposed entirely of the divorce matter, and did not address custody, child support, or visitation.  The custody, child support and visitation matters were litigated separately in the Alexandria JDR court later in 1998.  In 2002, the Alexandria JDR court transferred venue of the custody, child support and visitation cases, one for each child, to the Warren County JDR court, where the father filed a new motion to modify custody and visitation only, and the mother made no motions for modification.  After the Warren County JDR court entered its order denying in part and granting in part the father's motions, the cases were appealed to the Warren County Circuit Court.  In reaching resolution on the custody and visitation issues, therefore, the Warren County Circuit Court was solely exercising appellate jurisdiction over the JDR cases.  See Code § 17.1-513.

- 4 -

In this appellate capacity, the circuit court was bound to limit its order to those issues the parties had appealed. Because no appeal was taken on the issue of child support, the issue could not have been raised for the first time in the circuit court proceedings. Circuit courts are, by statute, without any original or general jurisdiction in "cases [that] are assigned to some other tribunal," Code § 17.1-513, including matters of child support that are strictly the province in the first instance of the JDR court. In raising the child support matter *sua sponte*, the circuit court exceeded its jurisdiction, which in this case, was exclusively appellate.

We thus vacate that part of the circuit court order that modifies the amount of child support the father must pay. Of necessity, we also vacate the provision of the order that relieves the father of his obligation to pay support on any week following a weekend during which he did not receive the benefit of the court-ordered visitation. Because the circuit court had no jurisdiction over child support, it erred in modifying the child support obligation in relation to the visitation order, over which it did have appellate jurisdiction.

## 2. Contempt

The father argues that the trial court erred in failing to hold the mother in contempt of court for violating the custody order. According to the father, the mother violated several provisions of the custody and visitation order, which he enumerated. The trial court agreed that the mother violated at least one provision of the order when it stated that "[t]he only one I really find her in violation of is that I don't think everything was done to cooperate and to foster visitation." While admonishing the mother throughout the proceedings for her failure to comply fully with the court's directives and the interests of the children, the circuit court, like the JDR court before, denied the father's motions to have the mother held in contempt.

The father cites Alexander v. Alexander, 12 Va. App. 691, 696, 406 S.E.2d 666, 669 (1991), for the proposition that the petitioner need only show that the offending party failed to

comply with the order in a show cause hearing to obtain a contempt judgment against the other party. He argues that because he met his burden of proof, the trial court did not have the authority to dismiss the show cause. This proposition, however, does not appear in Alexander, and, indeed, is an incorrect statement of the law.[2] A private party is not entitled to have a contempt judgment entered against another party solely because the elements of contempt have assertedly been met.

It is well established that "use of contempt powers is clearly subject to the discretion of the trial court." Sapp v. Commonwealth, 263 Va. 415, 425, 559 S.E.2d 645, 650 (2002). Even where a court has found that a party to litigation has violated an order of the court and could be held in contempt, the trial court retains its discretion whether to enter the finding of contempt and impose sanctions. Wells v. Wells, 12 Va. App. 31, 36, 401 S.E.2d 891, 894 (1991). Simply put, proving the elements of contempt cannot, and does not, divest the trial court of its discretion to enforce its orders through that power. Cf. Brown v. Commonwealth, 26 Va. App. 758, 762, 497 S.E.2d 147, 149 (1998) ("Where the court's authority to punish for contempt is exercised by a judgment rendered, its finding is presumed correct and will not be reversed unless plainly wrong or without evidence to support it.").

### 3. Attorney's Fees

Appellant also contends that the trial court erred in awarding attorney's fees to the mother. "'An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion.'" Northcutt v. Northcutt, 39 Va. App. 192, 199-200, 571 S.E.2d 912, 916 (2002) (quoting Graves v. Graves, 4 Va. App. 326,

---

[2] Notably, in Alexander, we affirmed a trial court that declined to hold a party in contempt even though the petitioner showed that the party had not complied with the terms of a court order. Alexander, 12 Va. App. at 696-97, 406 S.E.2d at 669.

333, 357 S.E.2d 554, 558 (1987)).  The father has not demonstrated how this award represented an abuse of the court's discretion.

"'The key to a proper award of counsel fees is reasonableness under all the circumstances.'"  Ragsdale v. Ragsdale, 30 Va. App. 283, 296, 516 S.E.2d 698, 704 (1999) (citing Cooke v. Cooke, 23 Va. App. 60, 65, 474 S.E.2d 159, 161 (1996)).  See also Budnick v. Budnick, 42 Va. App. 823, 844, 595 S.E.2d 50, 60 (2004).  Although the mother's attorney had requested over $5,000 in fees, which was supported by letter and affidavit, the trial court awarded only $1,300, which it ordered the father to pay.  The record shows, as the father argues, that the trial court noted a number of times throughout the proceedings that the mother's compliance with existing court orders, cooperation with the father, and skills in parenting left much to be desired.  Nevertheless, in its order the trial court characterized the circuit court appeal as "unnecessary," and noted elsewhere that "the father's appeal did nothing but entrench the parties in their positions and further alienate his children."  In light of the fact that the trial court determined that the legal requirements for a change in custody were not met and that no benefit flowed from the litigation to the family beyond that which had occurred in the JDR court, it was not an abuse of discretion for the court to award the mother attorney's fees which, incidentally, represented less than one-third of the amount requested.

### 4. Guardian *ad litem* fees

The father finally argues that the fees awarded to the guardian *ad litem* appointed to represent the Tedford children were excessive.  The father argues that the Supreme Court has established the proper hourly rate for guardians *ad litem* at $75 per hour for in-court work and $55 per hour for out-of-court work and that this rate should apply in this case.  The circuit court's award of fees to the guardian *ad litem* equals a flat fee of $100 per hour, or $50 less per hour for in-court work and $10 less per hour for out-of-court work than was requested.

The award of guardian *ad litem* fees, like the award of any attorney fees, is committed to the sound discretion of the trial court. Kane v. Szymczak, 41 Va. App. 365, 375, 585 S.E.2d 349, 354 (2003); Verrocchio v. Verrocchio, 16 Va. App. 314, 322, 429 S.E.2d 483, 487 (1993). The trial court is to determine the appropriate fee, "after consideration of the circumstances and equities of the entire case." Davis v. Davis, 8 Va. App. 12, 17, 377 S.E.2d 640, 643 (1989) (citing Wagner v. Wagner, 4 Va. App. 397, 411, 358 S.E.2d 407, 414 (1987)). In this case, the guardian *ad litem* represented each of the Tedford children throughout the circuit court litigation that, although resulting in some modification of the existing visitation provisions, resulted in no change from the 1998 custody order. "Indivisible from the power of appointment is the associated power equitably to apportion the fees and expenses of the guardian *ad litem* as costs to the parties." Verrocchio, 16 Va. App. at 322, 429 S.E.2d at 487. The trial court required both parents to reimburse the Commonwealth, commensurate with their ability to pay.

Although the Supreme Court circulated a memorandum that states that the presumptive guardian *ad litem* fee rate is $75 per hour for in-court work and $55 per hour for out-of-court work, this memorandum represents neither a statutory nor a court-imposed limit on what a trial court may award in light of the circumstances of a particular case, including the representation of multiple wards. Notably, prior to the court's final order, the guardian *ad litem* had requested a fee award of twice that suggested by the Supreme Court memorandum, based on his representation of the two Tedford children. On the father's motion, the trial court rejected that request, and awarded a fee that we have no basis to say evidenced an abuse of the trial court's discretion to award reasonable compensation.

### III. Conclusion

We find no abuse of discretion in the award of attorney's fees to the mother, in the assessment of costs for part of the guardian *ad litem* fees against the father, or in the court's

declining to hold the mother in contempt on the father's motion.  However, we hold that the trial court exceeded its jurisdiction in modifying the 1998 child support order, and vacate that modification accordingly.

<u>Affirmed, in part, and</u>
<u>reversed, in part.</u>