## CIRCUIT COURT OF PRINCE GEORGE COUNTY

Capstone Contracting Company

  v.

American Eagle SelfStorage, L.L.C., et al.

      Case No. CL06-326

Capstone Contracting Company

  v.   .

Indus Holdings of Virginia, L.L.C., et al.

      Case No. CL06-327

      February 8, 2007

BY JUDGE W. ALLAN SHARRETT

  The issue in this case concerns the requirements a sub-contractor must fulfill in order to perfect a mechanic's lien and, in particular, the relationship between Virginia Code §§ 43-4 and 43-7.

  Section 43-4 directs, in pertinent part, that "[A] general contractor, or any other lien claimant under 43-7 … in order to perfect a lien … shall file a memorandum of lien. . . ." The statute requires the claimant to file the memorandum in the clerk's office where the property is located and describes the details that the memorandum must contain. The statute further directs that "[A] lien claimant who *is a general contractor* also shall file along with the memorandum of lien, a certification of mailing of a copy of the memorandum

of lien on the owner of the property. . . ." (emphasis added). By implication, the claimant must also mail a copy of the memorandum of lien to the owner of the property. Thus, to perfect a lien a claimant must (1) file the memorandum of lien in the clerk's office, (2) mail a copy of the memorandum to the owner of the property, and (3) file a certification of such mailing along with the memorandum of lien.

Section 43-7, applicable to sub-contractors, directs that "[A]ny subcontractor, in order to perfect [a] lien ... shall comply with 43-4, and in addition give notice in writing to the owner of the property ... of the amount and character of his claim."

In the instant case, the Court assumes, without deciding, that the subcontractor filed a memorandum of lien in the appropriate clerk's office, mailed a copy to the owner of the property, gave written notice to the owner of the amount and character of the claim, but did not file the certificate of mailing along with the memorandum of lien, as set forth in 43-4. The defendant asserts that it was not required to file such certification, because it was a sub-contractor and the requirement applies only to a lien claimant who is a general contractor. The plaintiff, on the other hand, avers that Section 43-7 imposes upon a sub-contractor the duty to "comply with ... 43-4 ... ." and that this, by its clear language, requires that a sub-contractor perform all three of the functions set out in 43-4, as well as the written notice requirement in 43-7.

The issue, then, is whether a sub-contractor must file, along with the memorandum, a certification of mailing of a copy of the memorandum of lien on the owner of the property, or whether this requirement applies only to general contractors. For the reasons that follow, the Court is of the opinion that a sub-contractor need not file the certification in order to perfect a lien.

"Closely related statutes must be read as being consistent with one another." *Austin v. Commonwealth*, 42 Va. App. 33, 40 (2003). "[S]tatutes *in pari materia* must be considered together in construing their various material provisions." *Colbert v. Commonwealth*, 47 Va. App. 390, 394 (2006). "[P]roper construction seeks to harmonize the provisions of a statute ... in relation to other statutes." *Hulcher v. Commonwealth*, 39 Va. App. 601, 605 (2003).

With these principles in mind, the Court notes that 43-7 existed in its present form when 43-4 was last amended. The legislature, thus, was aware of the language of 43-7, mandating that a sub-contractor fulfill the requirements of 43-4, when it enacted the present version of 43-4, directing, *inter alia*, that a *general contractor* meet certain specific requirements. Had the legislature intended to make the filing of a certification of mailing a part of every lien perfection procedure, rather than just that applicable to general contractors, it

would simply have omitted the reference to general contractors in that sentence of the statute. The only reasonable interpretation of the 43-7 direction that a sub-contractor "comply with 43-4" is that it applies to those portions of 43-4 applicable to "any other lien claimant," and does not include the language of 43-4 limited to "a claimant who is a general contractor."

A requirement that a sub-contractor file a notice "of the amount and character of his claim" makes perfect sense, because an owner, not being in direct privity with the sub-contractor, would have no way of knowing the particulars of the lien absent the notice. Thus, logic supports the different notice requirements for general and sub-contractors. Further, it seems illogical to require a sub-contractor to file two different notices with the owner. Finally, 43-4 and 43-7 are logically consistent and harmonious only if the general contractor requirement applies only to general contractors. Otherwise, the language in 43-4 limiting the certification filing requirement to general contractors is mere surplus, and its insertion in the statute by the legislature becomes inexplicable.

The Court holds, therefore, that in order to perfect a mechanic's lien, a sub-contractor must (1) file a copy of the memorandum of lien in the clerk's office (43-4); (2) mail a copy of the memorandum to the owner (43-4); and (3) give written notice to the owner of the amount and character of his claim (43-7). The requirement that a certification of mailing of the memorandum be filed along with the memorandum is applicable only to general contractors, and not to sub-contractors.

Accordingly, the defendant's Motion to Dismiss is overruled.