COURT OF APPEALS OF VIRGINIA

Present:   Judges Alston, Chafin and Senior Judge Haley
Argued at Fredericksburg, Virginia


JAMES B. SPEAR, JR.

                                                    MEMORANDUM OPINION* BY
v.       Record No. 0064-17-4                       JUDGE ROSSIE D. ALSTON, JR.
                                                    JANUARY 16, 2018
NAWARA T. OMARY


                    FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                              David S. Schell, Judge

            Melanie Hubbard (Malinowski Hubbard, PLLC, on briefs), for
            appellant.

            Mehagen D. McRae (Surovell Isaacs Levy, PLLC, on brief), for
            appellee.


       James B. Spear, Jr. (appellant) argues that the Fairfax County Circuit Court (circuit court)

erred when it vacated the Fairfax County Juvenile and Domestic Relations District Court's

(J&DR court) modification order for lack of jurisdiction.[1]  Appellant specifically contends that

the J&DR court did have jurisdiction over the issue of child support.  We disagree.[2]

_____

       * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

       [1] Any reference to "jurisdiction" in this opinion refers to "active jurisdiction."  "[S]ubject
matter jurisdiction, perhaps best understood as the 'potential' jurisdiction of a court, is the
authority granted to it by constitution or statute over a specified class of cases or controversies,
and becomes 'active' jurisdiction, the power to adjudicate a particular case upon the merits, only
when various elements are present."  Prizzia v. Prizzia, 58 Va. App. 137, 160, 707 S.E.2d 461,
472 (2011) (quoting Ghameshlouy v. Commonwealth, 279 Va. 379, 388-89, 698 S.E.2d 698,
702-03 (2010)).

       [2] In his second assignment of error, appellant argues that the trial court erred in failing to
conduct a *de novo* review of the case on appeal.  Appellee argues, pursuant to Rule 5A:18, that
appellant is barred from arguing this assignment of error.  Rule 5A:18 provides that "[n]o ruling
of the trial court . . . will be considered as a basis for reversal unless an objection was stated with
reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court

BACKGROUND

Nawara T. Omary (appellee) filed a complaint for divorce from appellant in the Circuit Court of Fairfax County in the spring of 2010. The parties jointly drafted a Support, Property, and Custody Agreement which was incorporated into the final divorce decree. Paragraph 9 of that agreement noted that appellant agreed to pay $3,500 per month to appellee as child support. Subsequent to the entry of the final decree of divorce in the circuit court, the Commonwealth of Virginia's Department of Social Services Division of Child Support Enforcement (DCSE) made a motion to reopen, intervene, and transfer the case to J&DR court on behalf of appellant. DCSE was granted leave to intervene, and the case was transferred to J&DR court.

Appellant filed a petition in J&DR court to modify his child support obligation in September of 2013 alleging a material change in circumstances. The J&DR court found that there was no material change in appellant's circumstances and denied the petition. Appellant appealed that determination to circuit court. Appellant then withdrew his appeal on May 9, 2014. The circuit court's May 9 withdrawal order (withdrawal order) stated "[Appellant] hereby withdraws his appeal in the above captioned matter; it is therefore ordered and adjudged, that the appeal in the above captioned matter is hereby withdrawn." DCSE then filed a motion in J&DR

_____

of Appeals to attain the ends of justice." This rule "requires a litigant to make timely and specific objections, so that the trial court has 'an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals.'" Brown v. Commonwealth, 279 Va. 210, 217, 688 S.E.2d 185, 189 (2010) (quoting West v. Commonwealth, 43 Va. App. 327, 337, 597 S.E.2d 274, 278 (2004)). Appellee specifically asserts that appellant's "seen and objected to" notation was made in writing and not before the court. In Lee v. Lee, 12 Va. App. 512, 515, 404 S.E.2d 736, 738 (1991) (*en banc*), this Court held that an appellant complies with Rule 5A:18 by "includ[ing] an objection and reasons therefor in the final order." While the notation "seen and objected to" is not usually sufficient "because it does not sufficiently alert the trial court to the claimed error," Herring v. Herring, 33 Va. App. 281, 286, 532 S.E.2d 923, 927 (2000), it is sufficient "only if 'the ruling made by the trial court was narrow enough to make obvious the basis of appellant's objection,'" id. (quoting Mackie v. Hill, 16 Va. App. 229, 231, 429 S.E.2d 37, 38 (1993)). The ruling was narrow enough here. Regardless, we find that the first assignment of error is dispositive, and thus, we need not consider appellant's second assignment of error.

court to amend or review on behalf of appellant, alleging a material change in circumstances. DCSE requested: a modification of child support, a recalculation of child support pursuant to the guidelines, and that the parties provide health care coverage pursuant to Code § 20-108.2. In that proceeding, the J&DR court found that there was a material change in circumstances and entered an order on March 3, 2016 (modification order) requiring appellant to pay $1,088 per month in child support. This downward modification resulted in appellant receiving a credit in excess of $14,000 on previously-paid child support payments. Appellee signed the order "seen and objected to," and then appealed the modification order to the circuit court.

At trial, appellee argued that the DCSE motion to modify child support was "filed in the wrong court" since the withdrawal order "never remanded [the matter] back down to the [J&DR] court." According to appellee, because the circuit court did not state in its withdrawal order that the case was remanded, the J&DR court did not have jurisdiction over the matter. Thus, appellee requested that the modification order be vacated. DCSE agreed that procedurally, this is indeed what had occurred. Appellant argued that vacating the modification order was unfair. Ultimately, the circuit court entered an order on August 11, 2016 stating that because "there is no indication that this case was remanded back to the [J&DR c]ourt, therefore, it remains in the jurisdiction of the [c]ircuit [c]ourt[,] and therefore the [J&DR c]ourt had no jurisdiction to enter the [modification] order." The circuit court dismissed the case, vacated the modification order, and found that the "child support provisions of this [c]ourt's Final Divorce Order remain[ed] in full force and effect." The circuit court then "adjudged, ordered[,] and decreed that [appellant] has removed this motion from the August 2016[] domestic relations docket without prejudice."

Appellant filed a motion to reconsider and a motion to stay the August 11, 2016 order. Appellant argued that the J&DR court had jurisdiction to rule on the matter. In appellant's view, although the circuit court did not state in its withdrawal order that the case was remanded, "by

- 3 -

operation of law," under Code § 16.1-106.1 (controlling statute), the matter was automatically remanded to the J&DR court.

Conversely, appellee contends that the J&DR court did not have jurisdiction to rule on the issue of child support and asserts that the controlling statute does not provide for an automatic remand. Further, the withdrawal order did not remand the matter back because it did not state as such. Appellee also highlighted that the controlling statute requires that Code § 16.1-297 (facilitation statute) be followed. The facilitation statute directs the circuit court to file a "copy of its judgment . . . with the juvenile court within twenty-one days of entry of its order" to withdraw an appeal in civil cases. Code § 16.1-297. Appellee alleges that the circuit court did not state the matter was remanded in its withdrawal order nor did it satisfy that requirement; thus, the J&DR court did not have jurisdiction over the matter.

In response, DCSE argued that the case law supported the proposition that

> anytime a matter is brought from the [J&DR c]ourt to the [c]ircuit [c]ourt [and] no action is taken[,] it is simply removed, whether it is dismissed for lack of pursuing the action or it's withdrawn by a party prior to trial[,] then it automatically goes back to the [J&DR c]ourt for any future modifications or enforcement of the court order, that is the statutory scheme.

Appellant also filed a motion for attorney's fees which he argued that the circuit court had the authority to award under paragraph 13(B) of the parties' Support, Property and Custody Agreement which was incorporated into the final divorce decree. Appellee requested attorney's fees and costs in her response to appellant's motion for reconsideration.

The circuit court found that the withdrawal order did not remand the matter to the J&DR court and that the controlling statute required that the circuit court upon withdrawal of the appeal transmit a copy of the record to the J&DR court. Because there was no express remand and because that statutory prerequisite was not met, "then [the] case [wa]s not transferred, because jurisdiction has to be done." The circuit court stated in its order that it declined appellant's

motion to reconsider, lifted the suspending order, and subsequently "removed this motion" from the docket without prejudice. Appellant signed the order "[s]een and objected to." Neither party was awarded its attorney's fees.

Now comes this appeal.

ANALYSIS

"[T]he interpretation of statutes presents a pure question of law subject to *de novo* review by this Court." Ainslie v. Inman, 265 Va. 347, 352, 577 S.E.2d 246, 248 (2003). In interpreting such statutes, we "ascertain and give effect to the intention of the legislature." Boynton v. Kilgore, 271 Va. 220, 227, 623 S.E.2d 922, 925 (2006) (quoting Chase v. DaimlerChrysler Corp., 266 Va. 544, 547, 587 S.E.2d 521, 522 (2003)). The legislature's intention "is usually self-evident from the words used in the statute." Id. at 227, 623 S.E.2d at 925-26. "[W]e must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity." Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007). So long as the terms are unambiguous, we apply the plain language of the statute. Boynton, 271 Va. at 227, 623 S.E.2d at 926 (citing Tiller v. Commonwealth, 193 Va. 418, 420, 69 S.E.2d 441, 442 (1952)). A statute is ambiguous if it is "subject to more than one interpretation[;] we must apply the interpretation that will carry out the legislative intent behind the statute." Conyers, 273 Va. at 104, 639 S.E.2d at 178.

It is important to note that "an appeal may be taken to the circuit court" from "any final order or judgment of the [J&DR] court affecting the rights or interests of any person coming within its jurisdiction . . . and shall be heard *de novo*." Code § 16.1-296(A). "[O]nce a circuit court acquires jurisdiction, it retains jurisdiction over the juvenile proceedings until it remands the matter to the juvenile court, dismisses the proceedings[,] or discharges the juvenile." Austin

- 5 -

v. Commonwealth, 42 Va. App. 33, 38, 590 S.E.2d 68, 71 (2003) (citing the facilitation statute).

When withdrawing an appeal from a J&DR court, the controlling statute provides that

> the *circuit court shall enter such order* as may be appropriate *to conclude all matters arising out of the petition or motion filed in the juvenile and domestic relations district court and the appeal in circuit court*, consistent with the judgment or order entered in the juvenile and domestic relations district court, as modified by the grant of any additional relief by the circuit court pursuant to this subsection. *Unless the circuit court orders that the case remain in the circuit court, the case shall be remanded to the juvenile and domestic relations district court* for purposes of enforcement and future modification *and shall be subject to all the requirements of § 16.1-297.*

Code § 16.1-106.1(F) (emphasis added). The controlling statute refers to the facilitation statute,

which requires that

> [u]pon the rendition of final judgment upon an appeal from the juvenile and domestic relations district court, the *circuit court shall cause a copy of its judgment to be filed with the juvenile court within twenty-one days of entry of its order*, which shall thereupon become the judgment of the juvenile court. *In the event such circuit court does not dismiss the proceedings or discharge such child or adult, the circuit court may remand the child or adult to the jurisdiction of the juvenile court* for its supervision and care, under the terms of its order or judgment, and thereafter such child or adult shall be and remain under the jurisdiction of the juvenile court in the same manner as if such court had rendered the judgment in the first instance.

Code § 16.1-297 (emphasis added). It is important to note that while the facilitation statute

> clearly directs the circuit court to file a copy of its final judgment with the juvenile court . . . , the language of the remainder of the statute . . . provid[es] the circuit court with discretion to remand[. It] demonstrates that the failure to [file a copy] does not result in the loss of jurisdiction by the circuit court.

Austin, 42 Va. App. at 41, 590 S.E.2d at 72 (indicating that the "may remand" language in the

facilitation statute is permissive and not mandatory in nature). In addition, pursuant to Code

§ 16.1-298(D), the effect of the withdrawal is that "the judgment, order, or decree rendered by

the juvenile court shall have the same legal effect as if no appeal had been noted, except . . . as modified by the circuit court pursuant to subsection F of [Code] § 16.1-106.1."

We view the evidence in the light most favorable to appellee, the prevailing party below. Martin v. Bales, 7 Va. App. 141, 142, 371 S.E.2d 823, 824 (1988). The procedural posture of the case is not in dispute. What is in dispute is the interpretation of the controlling statute and consequently, whether the J&DR court had jurisdiction to consider the issue of child support. Appellant argues that the J&DR court had jurisdiction because the controlling statute provides for an automatic remand. So, although the circuit court did not state in its withdrawal order that the issue was remanded, "the child support case reverted to the [J&DR c]ourt and that court's jurisdiction was restored by operation of law." Appellant further contends that the added directive to the circuit court--filing of a judgment--outlined in the facilitation statute does not "impact the automatic remand" because "[t]here was no judgment from the [circuit] court in the 2013 appeal to be filed with the [J&DR] court which was to become the judgment of the juvenile court." Conversely, appellee asserts that the J&DR court did not have jurisdiction to modify the child support order. Appellee argues this on two grounds: the withdrawal order did not explicitly remand the matter, and the circuit court did not comport with the requirements of the facilitation statute. We reject appellant's interpretation of the controlling statute.

The circuit court properly acquired jurisdiction over the matter on appeal pursuant to Code § 16.1-296(A). Generally, "[o]nce the circuit court acquired jurisdiction over the proceedings, it retained that jurisdiction as long as it did not affirmatively remand the matter to [J&DR] court." Austin, 42 Va. App. at 39, 590 S.E.2d at 71. Here, appellant withdrew his appeals, and the circuit court entered its withdrawal order. The controlling statute provides that when an appeal is withdrawn in civil cases, "*the case shall be remanded* to the [J&DR] court for purposes of enforcement and future modification *and shall be subject to all the requirements of*

- 7 -

*§ 16.1-297.*" Code § 16.1-106.1 (emphasis added). The plain language of the controlling statute requires that in order to remand the matter, the "case shall be remanded" and the facilitation statute must also be complied with. The withdrawal order did not expressly remand the case. Pursuant to the facilitation statute, the circuit court must file a copy of "its judgment . . . with the [J&DR] court within twenty-one days of entry of its order." Code § 16.1-297. However, while the facilitation statute does

> direct[] the circuit court to file a copy of its final judgment with the juvenile court[, . . . t]he language of the remainder of the statute, providing the circuit court with discretion to remand, demonstrates that the failure to do so does not result in the loss of jurisdiction by the circuit court.

Austin, 42 Va. App. at 41, 590 S.E.2d at 72 (indicating that the "[i]n the event such circuit court does not dismiss the proceedings or discharge such child or adult, the circuit court may remand the child or adult to the jurisdiction of the juvenile court" language in Code § 16.1-297 is permissive and not mandatory in nature). The circuit court did not file a copy of its judgment. Because the circuit court did not state the matter was remanded in its withdrawal order, nor did it facilitate the remand by filing a copy of its judgment with the J&DR court, that court did not have jurisdiction over the child support matter.

Our decision in Minor v. Barrett, No. 0103-16-3, 2016 Va. App. LEXIS 263 (Va. Ct. App. 2016),[3] is instructive. Following a divorce proceeding, "mother had previously filed four petitions to amend visitation . . . and father filed eight petitions to amend both custody and visitation" in J&DR court. Id. at *4. The cases were resolved against father (the 2012 orders), and he appealed to the circuit court. "[O]nce in circuit court, father moved to nonsuit the appeals of his own eight petitions, and moved to withdraw his appeals from mother's four

---

[3] At trial, DCSE improperly relied on this case to support the proposition that when a matter is dismissed or withdrawn on appeal before circuit court, it "automatically goes back" to the J&DR court.

- 8 -

petitions." Id. at *4-5. He then filed a complaint "in circuit court dealing only with his eight nonsuited cases." Id. at *5. The circuit court dismissed the complaint which father ultimately appealed to this Court. During the pendency of father's appeal, "mother moved to amend the dispositional order in one of the four withdrawn appeals . . . in JDR court." Id. The J&DR court amended the order, which the father appealed to the circuit court, arguing that the J&DR court "could not amend the order while the appeal of the related case was pending in this Court." The circuit court agreed with father.

We stated that "[w]hen a party files a notice of appeal, that notice 'effectively transfers jurisdiction from the lower court to the appellate court and places the named parties within the jurisdiction of the appellate court.'" Id. at *6 (quoting McCoy v. McCoy, 55 Va. App. 524, 528, 687 S.E.2d 82, 84 (2010)). This Court then noted that Code § 16.1-298(D) stated that in the event "an appeal to the circuit court is withdrawn in accordance with [the controlling statute], the judgment, order, or decree rendered by the juvenile court shall have the same legal effect as if no appeal had been noted." Id. We found that the order mother sought to amend "was one of the withdrawn 2012 orders, and therefore was a separate order from those at issue in the . . . complaint and on appeal in Barrett II." Id. Therefore, the withdrawn appeals of the 2012 orders "became final upon their withdrawal, and thus became binding on the parties." Id. This finding was consistent with Barrett v. Minor, No. 0173-14-3, 2015 Va. App. LEXIS 165, at *10 (Va. Ct. App. May 12, 2015) [hereinafter Barrett II], in which we upheld "the dismissal of father's 2013 complaint because the withdrawn appeals barred father's filing of the nonsuited appeals in circuit court." Minor, 2016 Va. App. LEXIS 263, at *6.

In Barrett II, both mother and father "treated the []complaint as a reinstitution of appellant's nonsuited appeals . . . , and this Court will do the same." Barrett II, 2015 Va. App.

LEXIS 165, at *9.  This Court relied on <u>Davis v. Cty. of Fairfax</u>, 282 Va. 23, 710 S.E.2d 466

(2011), for guidance.  In <u>Davis</u>, the Virginia Supreme Court stated that

> circuit courts in Virginia have no power to remand appeals taken
> from general district courts back to the general district court from
> which the appeal was taken.  Rather, once a circuit court . . .
> acquires appellate jurisdiction over a case, by way of an appeal of
> right . . . it is required to hear the appeal *de novo*.

<u>Id.</u> at 30, 710 S.E.2d at 469.  Applying <u>Davis</u>, this Court found that "the circuit court did 'not

lose appellate jurisdiction' over appellant's nonsuited cases.  Nevertheless, it is also true that

when appellant withdrew his appeals of appellee's cases, the 2012 orders became final and

binding on the parties, thereby superseding the 2010 order that the refiled nonsuits were seeking

to modify."  <u>Barrett II</u>, 2015 Va. App. LEXIS 165, at *10.

In this case, the circuit court did not facilitate the remand of the child support matter.  It

did not state as such in its withdrawal order, nor did it file a copy of its final judgment to the

J&DR court--although this is not fatal.  When appellant withdrew his appeals, the circuit court

did not "lose" jurisdiction over the matter.  Accordingly, the J&DR court did not have

jurisdiction over the child support matter.  Therefore, the J&DR court's modification order must

be vacated, and the terms of the divorce decree remain in full force and effect.  Upon our *de novo*

review, we find that the circuit court did not err.  We also deny requests for attorney's fees and

costs.

<u>Affirmed.</u>