Present:  Kinser, C.J., Lemons, Goodwyn, Millette, and Mims, JJ., and Russell and Lacy, S.JJ.

DOLORES DAVIS

v.    Record No. 100632    OPINION BY JUSTICE DONALD W. LEMONS
                                        June 9, 2011
COUNTY OF FAIRFAX

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, we consider whether the Circuit Court of Fairfax County erred when it exercised subject matter jurisdiction over a case that originated in Fairfax County General District Court, was appealed to the circuit court and non-suited there, was subsequently re-filed in the general district court, dismissed, and then appealed to the circuit court.

I. Facts and Proceedings

In September 2007, Fairfax County ("the County") filed a petition in the general district court, pursuant to former Code § 3.1-796.115(A),[1] seeking an order declaring Dolores Davis ("Davis") to be an unfit pet owner and alleging that Davis had deprived her animals "of necessary food, drink, shelter or emergency veterinary treatment."  Following a trial, the general district court entered an order declaring Davis unfit

_____

[1] After all proceedings in the Fairfax County General District and Fairfax County Circuit Court, former Title 3.1 was repealed, revised, and reenacted as Title 3.2.  Specifically, former Code § 3.1-796.115 was amended and reenacted as Code § 3.2-6569.  See 2008 Acts ch. 860.

to own and care for the 20 animals she kept in her house. Davis appealed the general district court's judgment to the circuit court.

Thereafter, in March 2008, the County filed a motion to nonsuit the case and the circuit court granted the County's motion by an order dated March 14, 2008. The nonsuit order stated that the County had to return Davis' animals by 5 p.m. on March 14, 2008, unless a new petition had been filed by that time. The County filed a new petition to declare Davis an unfit pet owner in the general district court that same day. The general district court subsequently dismissed the petition on the ground that it lacked jurisdiction. The County noted an appeal to the circuit court.

Davis then filed a motion in the circuit court to enforce the provisions of the nonsuit order requiring that the County return Davis' animals to her. The circuit court denied Davis' motion by order stating that the "circuit [court] has no original jurisdiction under [Code] § 3.1-796.115," but placed the case on the docket as an appeal from the general district court. Davis objected to the circuit court's order and maintained that "the [general district court] is without jurisdiction and this case must be heard in the Circuit Court."

Following a bench trial in June 2008, the circuit court entered an order declaring Davis to be an unfit pet owner.

Thereafter, the circuit court ordered Davis to reimburse the County for $51,504.64 in costs it incurred in boarding her animals during the pendency of the dispute.  Davis timely noted her appeal to this Court,[2] but we decided, citing former Code § 3.1-796.115(C), that "[i]t appears that this Court does not have jurisdiction over this case."  Davis v. County of Fairfax, Record No. 081825 (Oct. 29, 2008).  Accordingly, we transferred Davis' appeal to the Court of Appeals and the Court of Appeals subsequently granted Davis' petition for appeal.

In an unpublished opinion, a three-judge panel of the Court of Appeals affirmed the circuit court's exercise of jurisdiction over the case.  Davis v. County of Fairfax, Record No. 1697-08-4, slip op. at 13 (Aug. 4, 2009).  In so doing, the panel relied on the Court of Appeals' prior decision in Lewis v. Culpeper County Dept. of Social Services, 50 Va. App. 160, 647 S.E.2d 511 (2007), which held that when a plaintiff who prevailed in the district court takes a nonsuit in the defendant's de novo appeal in circuit court, "the combined effect of the principles applicable to nonsuits and de novo appeals is to nullify the entire suit as if it had never existed in either court."  Davis, slip op. at 2 (quoting Lewis,

_____

[2] It appears that, because Davis had been unsure which court had jurisdiction over this appeal when she first filed her notice of appeal, she filed appeals in both the Court of Appeals and this Court.

3

50 Va. App. at 167, 647 S.E.2d at 514).  The Court of Appeals subsequently granted Davis' petition for a rehearing en banc and, relying upon Lewis, a majority of the court affirmed the circuit court's exercise of subject matter jurisdiction in this case.  Davis v. County of Fairfax, Record No. 1697-08-4, slip op. at 2 (March 2, 2010).

Davis timely filed her notice of appeal, and we granted an appeal on the following assignment of error:

1.  The Court of Appeals erred when it ruled that the circuit court could exercise subject matter jurisdiction over a case that originated in the general district court; was appealed to the circuit court and non-suited there; re-filed in the general district court — contrary to the dictates of § 8.01-380—and then appealed to the circuit court.

## II. Analysis

### A. Standard of Review

"[A]n issue of statutory interpretation is a pure question of law which we review de novo."  Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007).

When the language of a statute is unambiguous, we are bound by the plain meaning of that language.  Furthermore, we must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity.  If a statute is subject to more than one interpretation, we must apply the interpretation that will carry out the legislative intent behind the statute.

4

Id. (citations omitted).  Additionally, "[t]he plain, obvious, and rational meaning of a statute is to be preferred over any curious, narrow, or strained construction, and a statute should never be construed in a way that leads to absurd results." Meeks v. Commonwealth, 274 Va. 798, 802, 651 S.E.2d 637, 639 (2007) (citations and internal quotation marks omitted).

## B. Subject Matter Jurisdiction

During the relevant time period, former Code § 3.1-796.115 set forth the procedure governing a petition to declare a person an unfit pet owner.  Specifically, former Code § 3.1-796.115(A) stated that "[u]pon seizing or impounding an animal, the [investigating official] shall petition the general district court in the city or county wherein the animal is seized for a hearing . . . not more than ten business days from the date of the seizure of the animal."  Additionally, former Code § 3.1-796.115(C) stated that the "procedure for appeal and trial shall be the same as provided by law for misdemeanors [and t]he Commonwealth shall be required to prove its case beyond a reasonable doubt."  Accordingly, the County properly filed its first petition in this case in the general district court, pursuant to Code § 3.1-796.115.  However, Davis subsequently appealed the general district court's ruling to the circuit court for a de novo review, and the circuit court later granted the County a nonsuit in that case.  Following the

5

nonsuit in the circuit court, the County re-filed its petition in the general district court. At issue in this case is whether the County re-filed its petition in the proper court, following the nonsuit.

Davis argues that the circuit court retained jurisdiction over the case after the nonsuit order was entered, "so that when the County elected to re-file its petition, it was limited to doing so only in the circuit court." As a result, Davis argues, "the general district court lacked jurisdiction over the dispute and the County's re-filing of its petition in that court was a nullity." Consequently, on appeal from the general district court, the circuit court lacked jurisdiction to enter the orders that are the subject of this appeal because "the circuit court's jurisdiction over a case is derivative of the inferior tribunal's." We agree with Davis.

Code § 8.01-380(A) declares that "[a]fter a nonsuit no new proceeding on the same cause of action or against the same party shall be had in any court other than that in which the nonsuit was taken, unless that court is without jurisdiction, or not a proper venue, or other good cause is shown." Therefore, because the nonsuit was taken in the circuit court, the County was required by Code § 8.01-380(A) to re-file its petition, following the nonsuit, in the circuit court "unless that court is without jurisdiction."

Code § 17.1-513 defines the jurisdiction of circuit courts in Virginia.  In pertinent part, it declares that circuit courts "shall have <u>appellate</u> jurisdiction in all cases . . . in which an appeal may . . . be taken from the judgment or proceedings of any inferior tribunal."  (Emphasis added.)  Additionally, circuit courts "shall have original and general jurisdiction of all civil cases . . . except such cases as are assigned to some other tribunal."  <u>Id.</u>  Former Code § 3.1-796.115(A) "assigned" cases arising under that statute to general district courts by requiring that investigating officials "shall petition the general district court in the city or county wherein the animal is seized for a hearing."  Accordingly, the circuit court did not have original or general jurisdiction over petitions filed pursuant to former Code § 3.1-796.115(A).  <u>See</u> Code § 17.1-513.  The circuit court did, however, obtain appellate jurisdiction derivatively from the de novo appeal taken from the general district court.  <u>Id.</u>

Significantly, Code § 16.1-106 declares that

[f]rom any order entered or judgment rendered in a court not of record in a civil case in which the matter in controversy is of greater value than fifty dollars . . . there <u>shall be an appeal of right</u> . . . to a court of record.  Such appeal shall be to a court of record having jurisdiction within the territory of the court from which the appeal is taken and <u>shall be heard de novo</u>.

7

(Emphasis added.)  Accordingly, circuit courts in Virginia have no power to remand appeals taken from general district courts back to the general district court from which the appeal was taken.  Rather, once a circuit court in Virginia acquires appellate jurisdiction over a case, by way of an appeal of right from a general district court, it is required to hear the appeal de novo.  See Code §§ 16.1-106 and 17.1-513.  Just as circuit courts cannot remand appeals of right taken from general district courts back to the general district court from which the appeal was taken, they do not lose appellate jurisdiction over an appeal of right taken from a lower court simply by granting a nonsuit in that particular case.  See Code §§ 16.1-106 and 17.1-513.

In this case, the circuit court obtained appellate jurisdiction over this suit derivatively from the de novo appeal taken from the general district court.  The circuit court's subsequent grant of the County's nonsuit did not divest the circuit court of its appellate jurisdiction.  Accordingly, the circuit court retained appellate jurisdiction to hear this case after it granted the County's nonsuit and, as a result, the County was required by Code § 8.01-380 to re-file its petition in the circuit court.  See Code § 8.01-380.  However, the County did not do so.

8

The County improperly re-filed its petition, following the nonsuit, in the general district court; therefore, the general district court properly dismissed the re-filed petition for lack of subject matter jurisdiction. The County then appealed to the circuit court for a de novo review and the circuit court placed the case on its docket. Whether this exercise of jurisdiction was proper remains to be decided. Because the circuit court's appellate jurisdiction is derivative of the general district court's jurisdiction, we hold that the circuit court did not have jurisdiction to decide the re-filed case on the merits after the general district court's dismissal for lack of subject matter jurisdiction.

We held, in Stacy v. Mullins, 185 Va. 837, 40 S.E.2d 265 (1946), and Addison v. Salyer, 185 Va. 644, 40 S.E.2d 260 (1946), that "the jurisdiction of the appellate court on appeal from the [general district court] is derivative, and if the [general district court] had no jurisdiction the appellate court acquires none on appeal." Hoffman v. Stuart, 188 Va. 785, 794, 51 S.E.2d 239, 244 (1949) (emphasis added). Additionally, we observed in Stacy that

> [t]he rule is well settled that, if the court in which the action is brought has no jurisdiction of the subject matter, the appellate court will acquire none by the appeal, and this, too, even if the appellate court would have jurisdiction of the subject matter had the action been commenced there. The reason is, an appeal is a mere

9

> continuation of the original case, – a proceeding
> in the action.  The want of jurisdiction of the
> subject matter in the court where the action was
> brought, continues in every court to which the
> action may be appealed, for the reason that it is
> the same action, and an appeal is authorized only
> where the court from which the appeal is taken,
> in case of the failure to appeal, would have had
> authority to enforce its judgment.

185 Va. at 841, 40 S.E.2d at 266 (citations and internal quotation marks omitted).  Here, the general district court properly decided that it had no subject matter jurisdiction to hear the re-filed petition following the nonsuit in the circuit court.  As a result, the circuit court had no appellate jurisdiction to hear the re-filed case on the merits following the general district court's dismissal for lack of jurisdiction because the circuit court's appellate jurisdiction is derivative of the general district court's jurisdiction.  Id. It should be noted that the circuit court lacked jurisdiction to decide this case as it did even though it would have had jurisdiction to hear the case had the County properly re-filed its petition in the circuit court following the nonsuit of its first petition in that court.  Id.  To the extent that Lewis v. Culpeper County Dept. of Social Services, 50 Va. App. 160, 647 S.E.2d 511 (2007), is inconsistent with this opinion, it is expressly overruled.

### III. Conclusion

We hold that the Court of Appeals erred when it affirmed the judgment of the circuit court.  Accordingly, we will reverse the judgment of the Court of Appeals and enter final judgment for Davis.

<u>Reversed and final judgment</u>.