COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Huff, Judges Chafin and Russell
Argued by teleconference

TIMOTHY M. BARRETT

                                                MEMORANDUM OPINION[*] BY
v.       Record No. 0173-14-3          CHIEF JUDGE GLEN A. HUFF
                                                      MAY 12, 2015

VALERIE JILL RHUDY MINOR

FROM THE CIRCUIT COURT OF THE CITY OF BRISTOL
William N. Alexander, II, Judge Designate

Timothy M. Barrett, *pro se*.

Steven R. Minor (Elliott Lawson & Minor, on brief), for appellee.

This appeal arises out of twelve petitions to amend custody and visitation that were filed by the parties[1] in the City of Bristol Juvenile and Domestic Relations District Court ("juvenile court"). The juvenile court resolved all twelve petitions with three orders entered on October 4, 2012 ("2012 orders"), which the father, Timothy M. Barrett ("appellant"), appealed to the Circuit Court for the City of Bristol ("circuit court"). On May 2, 2013, the circuit court, acting on motions filed by appellant, entered an order nonsuiting the appeals relating to appellant's petitions and withdrawing the appeals relating to Valerie Jill Rhudy Minor's ("appellee") petitions. Appellant refiled a complaint with the circuit court in October 2013, which, upon appellee's motion, the circuit court dismissed. Appealing this dismissal order, appellant presents eight assignments of error:

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Eight petitions to amend custody and visitation, two for each of the four minor children, were filed by Timothy M. Barrett, and four petitions to amend visitation were filed by Valerie Jill Rhudy Minor, one for each child.

1. The [circuit c]ourt erred in not disqualifying Mr. Minor as [appellee's] attorney in violation of Code § 16.1-298(A) and the Rules of Professional Responsibility.

2. The [circuit c]ourt erred in finding that the [j]uvenile court granted . . . appellee's motion[s] to amend [visitation] as to the three youngest children.

3. The [circuit c]ourt erred in giving effect to the juvenile court order, denying . . . appellant an appeal *de novo*.

4. The [circuit c]ourt erred in ruling that it did not have jurisdiction over . . . appellant's complaint.

5. The [circuit c]ourt erred in violating . . . appellant's right to re-file his same case after his non-suit.

6. The [circuit c]ourt erred in relying on the juvenile court order which is void as being contrary to . . . appellant's constitutional rights to due process and equal protection.

7. The [circuit c]ourt erred in not granting . . . appellant leave to amend his complaint to the degree that the complaint was relied upon by the [circuit] court in making its decision.

8. The [circuit c]ourt erred in handling the record of the case by excluding records commanded to be included as a matter of law and by including documents not in evidence.

Responding, appellee asks this Court to award her attorneys' fees related to this appeal. For the following reasons, this Court affirms the circuit court's order dismissing appellant's complaint, awards appellee attorneys' fees related to this appeal, and remands the case for a determination and entry of a reasonable award of attorneys' fees.

## I. BACKGROUND

"When reviewing a [trial] court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003) (citing Wright v. Wright, 38 Va. App. 394, 398, 564 S.E.2d 702, 704 (2002)). "That principle requires us to

'discard the evidence' of [appellant] which conflicts, either directly or inferentially, with the evidence presented by [appellee] at trial." Id. (quoting Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002)). So viewed, the evidence is as follows.

On April 9, 2010, the Grayson County Circuit Court ("Grayson Circuit Court") entered an order ("2010 order") determining that custody of the parties' minor children[2] shall remain with appellee. Additionally, the order provided appellant with one weekend of visitation every six weeks and one 30-minute telephone conversation each week.

In 2011, appellee married an attorney, Steven R. Minor ("Minor"), and moved with four of the children to Bristol, Virginia. As a result, appellant filed eight petitions in the juvenile court to amend custody and visitation, two for each of the four minor children, and appellee filed four petitions to amend visitation, one for each child.[3] Minor initially represented appellee before the juvenile court. Upon appellant's motion, however, the juvenile court disqualified Minor as appellee's attorney on the ground that Minor would be a necessary witness in the proceedings. After the proceedings, the juvenile court entered the 2012 orders, which maintained the prior custody arrangement and slightly modified appellant's visitation schedule. Appellant appealed all of the cases to the circuit court.

On May 2, 2013, after the circuit court ruled that appellant could not depose the parties' minor children or conduct any other discovery in the case, appellant nonsuited the appeals of his cases ("closed cases") and withdrew the appeals of appellee's cases. On October 15, 2013, appellant filed a complaint in the circuit court seeking to amend the 2010 order from the Grayson Circuit Court. Appellee, who was again represented by Minor, moved to dismiss the complaint,

---

[2] This order encompassed five of the six children; one child had reached the age of majority at the time of this order.

[3] At this time, four of the children were minors.

claiming that the 2012 orders were "revived" by the withdrawal of appellant's appeals and were therefore *res judicata* for his complaint. Appellee also argued the circuit court lacked jurisdiction to modify the 2012 orders and that appellant would have to refile in the juvenile court. Appellant opposed the motion to dismiss, arguing that, if granted, the court would interfere with his right to refile after taking a nonsuit. Additionally, appellant moved the circuit court to dismiss Minor as appellee's counsel.

To the extent that appellant's complaint attempted to modify the 2010 order, the circuit court dismissed it with prejudice, and to the extent that it attempted to modify the 2012 orders, the circuit court dismissed it without prejudice. The circuit court did not address appellant's motion to dismiss Minor as appellee's counsel. In January 2014, appellant wrote a letter to the clerk of the circuit court asking her to get the files from Judge Vanover, "as that needs to be part of the record." Appellant claimed that Judge Vanover kept the files after granting appellant's nonsuit because he intended to hear the refiled cases. The clerk certified the record to this Court without the files from the closed cases. As a result, appellant moved to correct the record, which motion was denied as untimely. Appellant then proposed a written statement of facts; appellee objected and proposed her own written statement. The circuit court adopted most of appellee's proposed statement in its order dated March 28, 2014. Consequently, appellant asked this Court to overturn the order on the written statement, which this Court refused to do by order dated July 22, 2014. This appeal followed.

## II. ANALYSIS

### A. Dismissal of Refiled Claim

In his third, fourth, and fifth assignments of error, appellant contends that the circuit court erred when it dismissed his complaint to amend the 2010 order. Specifically, appellant argues

- 4 -

that the circuit court had jurisdiction to hear his refiled case after he took a nonsuit[4] and, consequently, should have conducted a *de novo* trial.

As an initial matter, appellee argues that Rule 5A:18 should bar these assignments of error. Rule 5A:18 provides, in relevant part, that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." "Rule 5A:18 requires a litigant to make timely and specific objections, so that the trial court has 'an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals.'" Brown v. Commonwealth, 279 Va. 210, 217, 688 S.E.2d 185, 189 (2010) (quoting West v. Commonwealth, 43 Va. App. 327, 337, 597 S.E.2d 274, 278 (2004)).

In the present case, appellee argues that Rule 5A:18 bars appellant's argument because appellant raised the argument for the first time in his post-judgment, written objections. In Lee v. Lee, 12 Va. App. 512, 515-16, 404 S.E.2d 736, 738 (1991) (*en banc*) (citing Highway Comm'r v. Easley, 215 Va. 197, 201-02, 207 S.E.2d 870, 873-74 (1974)), however, this Court noted that an appellant may "meet the mandates of Rule 5A:18" by "includ[ing] an objection and reasons therefore in the final order or at least tender such an order to the trial judge." As appellant included these arguments in his written objections to the final order in the present case, this Court will discuss the merits of his arguments.

Code § 16.1-298(D) provides that when "an appeal to the circuit court is withdrawn in accordance with § 16.1-106.1, the judgment, order, or decree rendered by the juvenile court shall have the same legal effect as if no appeal had been noted . . . ." Relying on this provision,

---

[4] In this appeal appellant asserts that his October 15, 2013 complaint seeking to amend the 2010 order of the Grayson Circuit Court was a revival of his nonsuited appeal of the 2012 orders of the juvenile court.

appellee asserts that the 2012 orders gained binding legal effect for the purposes of *res judicata* when appellant withdrew his appeals of these orders to the circuit court. Continuing, appellee argues that if appellant wanted to file a motion to amend the 2012 orders, such motion would have needed to be filed in the juvenile court.

Appellant, on the other hand, argues that while he withdrew the appeals of appellee's cases, he *nonsuited* the appeals of his own cases. Code § 8.01-380(B) provides that a party may take "one nonsuit . . . as a matter of right . . . ." Then, after a nonsuit has been taken, the plaintiff "may recommence his action within six months of the date of the order entered by the court . . . ." Code § 8.01-229(E)(3). In the present case, appellant refiled his nonsuited appeals within the six-month period prescribed in Code § 8.01-229(E)(3).

Appellant and appellee have each treated the October 15, 2013 complaint as a reinstitution of appellant's nonsuited appeals from the 2012 orders, and this Court will do the same. A threshold issue for consideration, therefore, is what effect the timely refiled appeal had on the circuit court's jurisdiction to hear the appeals. The Supreme Court's ruling in <u>Davis v. County of Fairfax</u>, 282 Va. 23, 710 S.E.2d 466 (2011), is helpful in the present case. In <u>Davis</u>, the Supreme Court noted that

> circuit courts in Virginia have no power to remand appeals taken from general district courts back to the general district court from which the appeal was taken. Rather, once a circuit court . . . acquires appellate jurisdiction over a case, by way of an appeal of right . . . , it is required to hear the appeal *de novo*.

282 Va. at 30, 710 S.E.2d at 469 (citing Code §§ 16.1-106 and 17.1-513). Continuing, the Supreme Court held that

> [j]ust as circuit courts cannot remand appeals of right taken from general district courts back to the general district court from which the appeal was taken, *they do not lose appellate jurisdiction over an appeal of right taken from a lower court simply by granting a*

*nonsuit in that particular case*. See Code §§ 16.1-106 and 17.1-513.

Id. (emphasis added).

Applying Davis to the present case, this Court notes that the circuit court did "not lose appellate jurisdiction" over appellant's *nonsuited* cases. Id. Nevertheless, it is also true that when appellant *withdrew* his appeals of appellee's cases, the 2012 orders became final and were binding on the parties pursuant to Code § 16.1-298(D). Accordingly, while the circuit court had jurisdiction to consider appellant's refiled appeals, the parties' circumstances changed during the pendency of the nonsuit. Specifically, the 2012 orders became final and binding on the parties, thereby superseding the 2010 order that the refiled nonsuits were seeking to modify. See Code § 20-108.

As such, the circuit court did the only thing it could do when exercising its jurisdiction over the refiled appeals – dismiss them with prejudice to the extent that they are attempting to modify the now superseded 2010 order, and dismiss them without prejudice to the extent that they seek to modify the final and binding 2012 orders. Therefore, this Court holds that the circuit court did not err by dismissing appellant's refiled appeals.

B. Motion to Disqualify Minor as Appellee's Attorney

In his first assignment of error, appellant contends that the circuit court erred by not disqualifying Minor as appellee's attorney. Specifically, appellant argues that Minor's representation of appellee violated Code § 16.1-298(A) and Rule 3:7 of the Virginia Rules of Professional Conduct.

It is well established that this Court will not consider an argument on appeal which was not presented to the trial court. See Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991) (citing Rule 5A:18). This Court will also decline to consider an

argument on appeal if the trial court failed to rule upon appellant's objection below. Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 489 (1998). Indeed, Code § 17.1-405, which provides this Court with "[a]ppellate jurisdiction," provides that an aggrieved party may appeal to this Court from a "final decision of a circuit court," Code § 17.1-405(1), "a final decision of the [commission]," Code § 17.1-405(2), or "a final judgment, order or decree of a circuit court" regarding domestic relations matters, Code § 17.1-405(3). When there is no such final decision, judgment, order or decree regarding a particular issue, then "there is no ruling for [this Court] to review on appeal." Ohree, 26 Va. App. at 308, 494 S.E.2d at 489 (citing Fisher v. Commonwealth, 16 Va. App. 447, 454, 431 S.E.2d 886, 890 (1993)).

In the present case, the circuit court did not rule on whether Minor should be dismissed as appellee's counsel. The Supreme Court addressed a similar circumstance in Riner v. Commonwealth, 268 Va. 296, 601 S.E.2d 555 (2004). In Riner, the defendant objected to a witness' testimony on the grounds that it contained "double hearsay." 268 Va. at 323, 601 S.E.2d at 570. The specific objections dealt with the second level of hearsay, but the trial court decided that the first level of hearsay was admissible and did not determine whether the second level fell within a recognized exception to the hearsay rule. Id. at 324, 601 S.E.2d at 571. On appeal, the Supreme Court agreed that the testimony contained double hearsay, but held that appellant had waived the issue on appeal by failing to obtain a ruling from the trial court as to the second level of hearsay. Id.

In the present case, appellant failed to obtain a ruling by the circuit court on his motion to dismiss Minor as appellee's counsel. As such, this Court holds that the issue is waived on appeal. See Lenz v. Commonwealth, 261 Va. 451, 463, 544 S.E.2d 299, 306 (2001) (defendant's failure to request a ruling on a pretrial motion waived the issue on appeal).

C.  Circuit Court's Analysis of Juvenile Court's 2012 Orders

In his second assignment of error, appellant contends the circuit court "erred in finding that the [j]uvenile [c]ourt granted . . . appellee's motion[s] to amend [visitation] as to the three youngest children."  Specifically, appellant argues that the order is "utterly silent as to who 'won' and who 'lost'" and, therefore, it was error to determine that the juvenile court granted appellee's motions.  Appellant argues that this is a significant distinction because if the juvenile court "denied [appellee] all of the relief she requested vis-à-vis custody and visitation, there is nothing to which *res judicata* can attach, the legal doctrine which lies at the heart of . . . [appellee's] argument before the [circuit court]."

*Res judicata* is a judicially-created doctrine that rests upon considerations of public policy which favor certainty in the establishment of legal relations, Commissioner v. Sunnen, 333 U.S. 591, 597 (1948), demand an end to litigation, and seek to prevent the harassment of parties, Pickeral v. Federal Land Bank of Baltimore, 177 Va. 743, 750, 15 S.E.2d 82, 84-85 (1941).  In the context of a petition to amend custody and visitation, "[t]he purpose of the changed circumstances requirement is to avoid the bar on relitigation that would otherwise be imposed by *res judicata.*"  Parish v. Spaulding, 26 Va. App. 566, 573, 496 S.E.2d 91, 94 (1998); see also Code § 20-108 (authorizing the courts to maintain jurisdiction over custody and visitation issues).

The changed circumstances requirement specifically requires that there "has . . . been a change in circumstances *since the most recent custody award . . . .*"  Keel v. Keel, 225 Va. 606, 611, 303 S.E.2d 917, 921 (1983).  Contrary to appellant's assertions, however, there is no requirement that the "most recent custody award" be in either party's favor before the doctrine of *res judicata* attaches.  Indeed, regardless of who "won" or "lost, " any party seeking review of an existing custody or visitation award must first establish a change in circumstances.  Hughes v.

Gentry, 18 Va. App. 318, 322, 443 S.E.2d 448, 451 (1994).  Accordingly, appellant's argument fails.

### D.  Juvenile Court Order

In his sixth assignment of error, appellant contends that the circuit court erred by finding that the juvenile court's order was a valid order as to which *res judicata* would apply. Specifically, he argues that even if the 2012 orders are binding for the purposes of *res judicata*, the circuit court erred in giving them binding effect because they were obtained in violation of appellant's constitutional rights to due process and equal protection.  Namely, appellant asserts that the juvenile court violated his constitutional right to due process by 1) relying on "*ex parte* evidence in making [its] custody determination," 2) holding against appellant his choice to represent himself, call witnesses on his behalf, subpoena witnesses and documents, and exercise his right to cross-examine witnesses, 3) interfering with his "fundamental right to control his children without governmental intrusion," 4) "denying [appellant] access to his children's medical records," and 5) "failing to follow Virginia Law in making [its] custody determination." Additionally, appellant argues that the juvenile court violated his equal protection rights by applying "one standard to [appellant] and another to [appellee]."

Even if this Court were to assume that the juvenile court committed all of the constitutional errors alleged, appellant would not be entitled to any relief on appeal to this Court. Code § 16.1-296 provides, in pertinent part, that "[f]rom any final order of judgment of the juvenile court affecting the rights or interests of any person coming within its jurisdiction, an appeal may be taken in accordance with the provisions of Chapter 7 . . . of Title 16.1."  Code § 16.1-136 provides that "[a]ny appeal taken under the provisions of [Chapter 7] shall be heard *de novo* in the appellate court."  "A *de novo* hearing means a trial anew, with the burden of proof

- 10 -

remaining on the party with whom it rested in the juvenile court." Box v. Talley, 1 Va. App. 289, 292, 338 S.E.2d 349, 351 (1986). Indeed,

> "an appeal to the circuit court from a court not of record under Code § 16.1-136 annuls the judgment of the inferior tribunal as completely as if there had been no previous trial . . . . [S]uch a trial *de novo* in the circuit court grants to a litigant every advantage which would have been his had the case been tried originally in such court."

Id. (quoting Walker v. Dep't of Pub. Welfare, 223 Va. 551, 563, 290 S.E.2d 887, 890 (1982)).

Rather than a review of the juvenile court's decision for constitutional violations, as appellant suggests the circuit court should have done, these *de novo* appeals actually vacate the decision of the lower court as if it had never occurred and provide a new trial in the circuit court. Indeed, these proceedings are actually re-trials. See, e.g., Peterson v. Commonwealth, 5 Va. App. 389, 398, 363 S.E.2d 440, 445 (1987) ("An appeal taken in accordance with Code § 16.1-132 is, in effect, a statutory grant of a new trial to the accused. 'It annuls the judgment of the inferior tribunal as completely as if there had been no previous trial.'" (quoting Gaskill v. Commonwealth, 206 Va. 486, 490, 144 S.E.2d 293, 296 (1965))).

Considering the above, appellant's argument that the circuit court should have reviewed the juvenile court proceedings for constitutional violations before declaring the juvenile court's order binding for purposes of *res judicata* is not supported in Virginia's law. Accordingly, the argument fails.

### E. Leave to Amend Complaint

In his seventh assignment of error, appellant contends that the circuit court erred by failing to grant appellant leave to amend his complaint. Specifically, appellant argues "[t]o the degree that [the circuit court's] decision was based on the pleadings of [appellant], the circuit

court should have liberally granted leave to [appellant] to amend those pleadings to further the ends of justice."

"It is true that . . . when a demurrer is sustained, leave to amend should be liberally granted to further the ends of justice." Hechler Chevrolet, Inc. v. General Motors Corp., 230 Va. 396, 403, 337 S.E.2d 744, 748-49 (1985) (citing Rule 1:8 and Code § 8.01-273). Appellant, however, never asked the circuit court for leave to amend his complaint. As a result, there is no order denying appellant leave to amend. It is well established that this Court will not consider an argument on appeal which was not presented to the trial court. See Jacques, 12 Va. App. at 593, 405 S.E.2d at 631 (citing Rule 5A:18). In these instances, "there is no ruling for [this Court] to review on appeal." Ohree, 26 Va. App. at 308, 494 S.E.2d at 489 (citing Fisher, 16 Va. App. at 454, 431 S.E.2d at 890). Accordingly, because appellant never timely asked for leave to amend his complaint, his argument is waived on appeal. See Lenz, 261 Va. at 463, 544 S.E.2d at 306 (defendant's failure to request a ruling on a pretrial motion waived the issue on appeal).

It is also well established that leave to amend need not be granted when the proposed amendment is futile and "would accomplish nothing more than provide opportunity for reargument of the question already decided." Hechler, 230 Va. at 403, 337 S.E.2d at 749. In the present case, any amendments appellant could have made to his complaint would have been irrelevant and immaterial to the circuit court's determination of whether the refiled complaint should be dismissed. The dismissal was based entirely on the cases' procedural history. Accordingly, the circuit court did not err by failing to grant leave to amend.

F. Exclusion of "Closed Cases" Records

In his final assignment of error, appellant contends that the circuit court erred by "excluding records commanded to be included as a matter of law and by including documents not in evidence." Specifically, appellant argues that under Rule 5A:7 the records of the closed

cases should have been included as part of the record on appeal to this Court. As such, appellant argues the circuit court erred by failing to include them.[5]

"Rule 5A:7 addresses the subject of the contents of the record on appeal and requires, among other things, that the record include a transcript of any proceeding or, in lieu of a transcript, a written statement of facts." Carlton v. Paxton, 14 Va. App. 105, 111, 415 S.E.2d 600, 603 (1992). Rule 5A:7(a) specifically provides a list of eight items that "constitute the record on appeal [to this Court] from the trial court."

Appellant contends that Rule 5A:7 requires "that the Record of this case contain all documents that pertain to the case . . . , with 'the case' being from the initial filing in the [juvenile court] to the present." Continuing, appellant argues that all of the juvenile court's files and the files from the closed cases should have been made a part of the record on appeal to this Court.

Appellant's argument, however, does not point to any provision of Rule 5A:7(a) which would require that a juvenile court's file be included as part of the record to this Court on appeal. The only feasible provision under which appellant *could* argue that the juvenile court records should be admitted is subsection (a)(1), which states that "the original papers and exhibits filed or lodged in the office of the clerk of the trial court" shall be included in the record on appeal.[6] The juvenile court's files in the present cases, however, were never "filed or lodged" in the

_____

[5] In his reply brief, appellant writes, "[i]n light of the Temple case, which was ruled upon *after* the [o]pening [b]rief filing, . . . [a]ppellant withdraws the argument that the [circuit court] should have included the records from the non-suited case as part of the [r]ecord." (Emphasis in original). Because it is not clear whether appellant is attempting to withdraw his entire assignment of error regarding the record on appeal or just his argument related to the nonsuited cases specifically, this Court will address the merits of appellant's arguments.

[6] The other subsections of Rule 5A:7 provide that the following should also be included in the record: jury instructions, (a)(2); exhibits offered in evidence, (a)(3); entered orders, (a)(4); opinions or memorandum decisions, (a)(5); deposition and discovery material, (a)(6); transcript or written statement of facts, (a)(7); and the notice of appeal, (a)(8).

- 13 -

circuit court clerk's office. Indeed, it was not until after appellant filed his notice of appeal that he wrote a letter to the clerk demanding that the juvenile court's files be included in the record. Appellant might have made these files a part of the record had he submitted them to the trial court during the pendency of the appeal from the juvenile court, but he did not. As such, Rule 5A:7 does not mandate, or even permit, that these files be made a part of the record on appeal to this Court.

To the extent that appellant argues the files from the nonsuited closed cases should have also been included in the record on appeal, this Court notes that "a refiled action after a nonsuit [is] a 'new' action." Laws v. McIlroy, 283 Va. 594, 600, 724 S.E.2d 699, 702 (2012). A "'new' action stands independently of any prior nonsuited action.'" Id. (quoting Antisdel v. Ashby, 279 Va. 42, 47, 688 S.E.2d 163, 166 (2010)). As such, any aspect of a case that has been nonsuited is not included as part of the refiled action unless there is an order expressly permitting it. See Temple v. Mary Washington Hosp., 288 Va. 134, 140, 762 S.E.2d 751, 754 (2014).

Accordingly, this Court holds that the circuit court did not err by failing to include the closed case files as part of the record on appeal.

G. Attorneys' Fees

Lastly, appellee asks this Court to impose attorneys' fees against appellant for this appeal. Specifically, appellee argues that appellant has pursued "meritless motions" and his conduct has unnecessarily added to the "complexity, expense, and delay" of the case.

In this case, appellant raised eight assignments of error, one of which had eleven subparts. Out of essentially nineteen assignments of error, appellant did not prevail on any issue. In general, his arguments are frivolous, misstate the law, and misread statutes. Considering these circumstances, this Court finds it appropriate to award appellee attorneys' fees associated with this appeal. See Klein v. Klein, 49 Va. App. 478, 483, 642 S.E.2d 313, 316 (2007) (awarding

- 14 -

wife "her appellate attorneys' fees" and "remand[ing] th[e] case to the trial court for it to determine and enter an appropriate award of attorneys' fees . . .").  Accordingly, this Court remands this case to the circuit court for determination and entry of an award of reasonable attorneys' fees incurred by appellee defending this appeal, as well as any attorneys' fees incurred by her on remand to determine such fees.  See Miller v. Cox, 44 Va. App. 674, 688, 607 S.E.2d 126, 133 (2005); see also O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

## III. CONCLUSION

Based on the foregoing, this Court affirms the rulings of the circuit court and awards appellee reasonable attorneys' fees for this appeal and on remand, as determined by the circuit court on remand.

Affirmed and remanded.